The opinion of the court was delivered by
Brewer, J.:
Two questions arise on this record. Were the bonds in controversy, valid, or void? If void, were the defendants in error entitled to any relief under the petition? The first question is disposed of by the decision in the case of Lewis v. Comm’rs of Bourbon County, supra, 186. The question submitted to the voters of Miami county was, “whether the boai’d of county commissioners shall be authorized to subscribe capital stock in the ñamé and for the benefit of Miami county in the stun of $150,000 to aid in the construction of a railroad commencing at or near the mouth of the Kansas river on the south side, thence in a southerly direction through Johnson county, Kansas, thence south, by way of Paola, in Miami county, thence in a southern direction through said county to the south boundary of the state of Kansas.” Such a question was not within the scope of the statute, and an affirmative vote thereon gave to the commissioners no power to issue the bonds of the county to the plaintiff in error, or any other corporation. The bonds therefore are without warrant of law, and are void.
Were the defendants in error entitled to any relief under the petition? The plaintiffs in error demurred, on the ground that the petition did not contain facts, sufficient to constitute a cause of action. The demurrer was overruled, and the case is before us on error from this ruling, so that if the defendants in error were entitled to any relief, the demurrer was properly overruled. The petition, after reciting the steps taken in the issue of thé bonds, alleges that the railroad company is still *237 the owner and holder of these bonds; that Josiah E. Hayes, one of the defendants, is state treasurer, and holds $10,000 deposited with him. by the county treasurer of Miami county for the purpose of paying the accrued and accruing interest on these bonds, and may and threátens to pay the same to said railroad company unless restrained, and that Wm. Crowell, another of the defendants, is county treasurer of Miami county, and as. such holds in his possession $10,000 belonging to said county, which he is about to pay over to said Hayes, the state treasurer, to be applied to the payment of interest on these bonds, and that such payments would work great loss and hardship to the people of said county. The prayer for relief is, that these payments be enjoined, the bonds declared void, the railroad company enjoined from attempting to collect them, or any interest on them, and ordered to return them to the county for cancellation. It appears therefore that two of the defendants, officers of the state and county, have in their possession a large amount of money belonging to the county, which, unless restrained, they will pay to the railroad company on these bonds. Under these circumstances we think equity will interfere to restrain the payment. High on Inj., §§ 792, 809; Supervisors v. Wilder, Chicago Legal News, March 1, 1873.
The judgment will be affirmed.
All the Justices concurring.