THE STATE OF KANSAS, *ex rel. W. H. Robb, County Attorney,* v. THE BOARD OF COMMISSIONERS OF KIOWA COUNTY *et al.*

COUNTY BONDS — *Rights of Bona Fide Purchaser.* The payment of negotiable county bonds in the hands of an innocent purchaser for value cannot be avoided on the ground that the elections authorizing their issue were irregularly called and held, although the irregularities were such that, had the question been raised in the proper manner and at the proper time, such bonds would have been held invalid.

*Original Proceeding in Mandamus.*

PETITION filed September 27, 1887; answer filed October 17, 1887. The case is sufficiently stated in the opinion, filed at the session of the court in July, 1888.

42 — 39 KAS.

*Robb & Vandivert*, for plaintiff.

*Rush & Dempcy*, and *Johnson, Martin & Keeler*, for defendants.

*Per Curiam:* This is an action of *mandamus*, brought originally in this court in the name of the state of Kansas, on the relation of the county attorney of Edwards county, to compel the county commissioners of Kiowa county, among other things, to levy a tax to pay interest on a certain bridge bond issued by Edwards county, and to levy a tax to pay interest on certain court-house and jail bonds issued by that county. The defendants have answered, and among other things have alleged that such bonds were not legally issued, and this for the reason, as it would seem, that the elections authorizing their issue were not legally held. The plaintiff has moved the court to strike out all that part of the answer which relates to the bridge bond and to the court-house and jail bonds, and this presents the question now under consideration. Taking the alternative writ and the answer together, it must be presumed from their allegations that elections were held for the purpose of authorizing the issue of the foregoing bonds, but that there were such irregularities in the calling and in the holding of such elections that, if the question of their validity had been raised in the proper manner and at the proper time, they would have been held to be invalid; but no such question was raised until after the bonds were issued, and until after they had gone into the hands of innocent and *bona fide* purchasers for value; and the bonds were and are negotiable. We think no question is raised by this motion as to whether Kiowa county or any portion thereof is liable on these bonds, provided they are valid as against Edwards county, but the only question that is raised by the motion is whether Edwards county is so liable or not; or in other words, the question is whether the bonds are valid or not in the hands of innocent and *bona fide* purchasers for value as against Edwards county. We think this question must be answered in

the affirmative. (Burroughs, Pub. Secur. 320, *et seq.*; *Comm'rs of Knox Co. v. Aspinwall*, 21 How. [U. S.] 539; *Gelpcke v. City of Dubuque*, 1 Wall. [U. S.] 176; *Supervisors v. Schenck*, 5 id. 772; *Lynde v. The County*, 16 id. 6; *Town of Coloma v. Eaves*, 92 U. S. 484; *Marcy v. Township of Oswego*, 92 id. 637; *Comm'rs of Douglas Co. v. Bolles*, 94 id. 104; *Comm'rs of Johnson Co. v. January*, 94 id. 202; *County of Warren v. Marcy*, 97 id. 96; *Wilson v. Salamanca*, 99 id. 499.)

The motion of the plaintiff will be sustained.