THE PEOPLE'S NATIONAL BANK OF OTTAWA v. THE CITY OF POMONA.

CITY—*Bonds to Improvement Company.* Under chapter 114 of the Laws of 1887, authorizing counties and cities of the second and third class to issue bonds and subscribe to the capital stock of companies organized for the purpose of mining coal and otherwise developing the resources of the country, a company must be named as the recipient of the proposed subscription and bonds in the petition and notice for the election; and where no existing company is named, and no amount of bonds stated in such petition and notice, the subscription and issue of bonds are unauthorized and void.

*Error from Franklin District Court.*

THE opinion states the facts.

*H. P. Welsh*, and *C. A. Smart*, for plaintiff in error.
*John W. Deford*, for defendant in error.

Opinion by GREEN, C.: This was an action to cancel certain bonds issued by the city of Pomona, in Franklin county, under the authority conferred by chapter 114 of the Laws of 1887, (¶ 458, Gen. Stat. of 1889,) being an act to authorize counties and cities of the second and third class to issue bonds for the purpose of encouraging the development of coal, natural gas, and other resources, by subscribing to the stock of companies organized for that purpose. On the 4th day of July, 1887, J. H. Whetstone and 42 others petitioned the city council of Pomona, a city of the third class, to call a special election for the purpose of authorizing the city council to subscribe for the purpose of developing the natural resources of the city by boring or mining for natural gas, coal or artesian wells, etc. The council granted the petition, and gave notice of an election to be held on the 28th day of July, 1887, for the purpose of authorizing the council to subscribe to the capital stock of a company, and to fund the subscription in accordance with the statute. The company to which it was proposed to issue bonds and in which it was proposed to take stock was not named or stated in the petition, the vote of the city council, or the mayor's proclamation. The election notice did not state the amount of stock the city was to take, but did state the limit under the law. On the 6th day of February, 1888, the mayor was authorized by an ordinance of that date to subscribe to the capital stock of the Pomona Mining and Gas Company in the sum of $3,000, and, in payment for the same, issue a like sum of the bonds of the city. The bonds were issued January 2, 1888, and registered by the state auditor on the 8th day of August, 1888. On the 16th day of February, 1888, the mining company and the mayor negotiated a loan

of $1,000 from the plaintiff in error, and pledged the bonds issued by the city to the bank for the payment of the loan. The money thus secured was used in paying the debts of the mining company. In August, 1888, the city levied the tax to pay the interest on the bonds, which was collected and paid to the bank. In March, 1888, the Pomona Mining and Gas Company transferred its interest to another company, which seemed to have failed. In the business transactions of the mining company the city took part and voted its stock. No part of the $1,000 loan has been paid, except the interest paid from the tax levy of 1888. The district court found that the bonds were void, and should be surrendered and canceled, and enjoined the levy and collection of any tax for the payment of the interest or principal upon them. The bank brings the case here.

We think the bonds were unauthorized. The law provides that—

"No such subscription shall be made until a majority of the voters . . . shall have voted, at some . . . election called therefor, . . . in favor of so doing, stating the amount of stock desired, the amount of bonds to be issued; and upon a majority vote therefor, the city council shall make such subscription, to the amount so authorized at said election."

This would clearly indicate that some amount should be stated in the notice for the election. Simply stating the limit of the issue fixed by the law would not, in our judgment, be sufficient. The amount of the proposed issue of bonds should have been stated in the election notice. We are of the opinion, too, that the corporation to which the city proposed to issue the bonds should have been named in the petition and notice. It was said by Mr. Justice BREWER, delivering the opinion of the court in the case of *Lewis v. County of Bourbon,* 12 Kas. 206, under a statute similar to the one authorizing the issuance of bonds in this case:

"But the issue of the bonds is the last act, . . . the consummation of the contract. If the language limits the question to that of issuing bonds, it limits it to that which implies a subscription already made, a contract already entered

into, and therefore an existing and named corporation, the re-cipient of the subscription, and the party to the contract. . . . The fairness and good sense of the legislation is altogether on the side of the construction which the natural meaning of the language so plainly demands. It seems, therefore, that some corporation must be named as the recipient of the subscription and bonds, or the proceedings will be without warrant of law and void."

(See, also, *Railroad Co. v. Miami County,* 12 Kas. 230; *The State v. Roggen,* 22 Neb. 118; *Coler v. Cleburn,* 131 U. S. 162.)

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.