BOARD OF COM'RS OF KIOWA COUNTY, KAN., v. HOWARD.

(Circuit Court of Appeals, Eighth Circuit. September 27, 1897.)

No. 844.

1. COUNTY REFUNDING BONDS—VALIDITY—BONA FIDE PURCHASERS—ESTOPPEL.
When county bonds issued under an act authorizing the county commissioners "to compromise and refund its matured and maturing indebtedness of every description" contain a recital of the act, and a statement that all its provisions have been strictly complied with, and that the issue does not exceed the amount of the county's outstanding indebtedness, the county is estopped, as against an innocent purchaser, from setting up that a part of the indebtedness refunded consisted of railroad aid bonds which were void.

2. SAME—COUNTY WARRANTS—AUTHORITY OF COMMISSIONERS.
When the statutes provide that the power of a county as a body politic and corporate shall be exercised by a board of county commissioners (Gen. St. Kan. c. 25, § 3), an act authorizing counties to refund "matured and maturing indebtedness of every description whatsoever" (Act Kan. March 8, 1879), gives the commissioners authority to refund outstanding warrants

as well as bonds, and to do so without submitting the question to a vote of the people.

3. SAME.
   Statutory authority to the board of county commissioners to compromise and refund the indebtedness of the county carries with it power to fix the time and terms of payment of the refunding bonds.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action by George R. Howard against the board of county commissioners of Kiowa county, Kan., to recover upon certain interest coupons detached from county refunding bonds. In the circuit court a demurrer to the answer was sustained, and judgment given for the plaintiff, to review which the defendant has sued out this writ of error.

S. S. Ashbaugh (L. M. Day was with him on the brief), for plaintiff in error.

C. F. Hutchings (L. W. Keplinger was with him on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

RINER, District Judge. This was an action brought by George R. Howard in the circuit court for the district of Kansas to recover certain interest claimed to be due upon 237 interest coupons detached from 79 refunding bonds issued by the board of county commissioners of Kiowa county. The petition was the usual form of petition in such cases, alleging the citizenship of the parties; that the amount in controversy exceeded the sum of $2,000 exclusive of interest and costs; that the bonds in controversy were duly issued under and in pursuance of an act of the legislative assembly of the state of Kansas entitled "An act to enable counties, municipal corporations, the board of education of any city and school districts to refund their indebtedness," approved March 8, 1879; that the plaintiff became the owner and holder of the bonds and coupons, for value, before maturity, and was, at the time the action was brought, the owner and holder thereof; and that when the interest coupons became due they were duly presented to the defendant for payment, but payment was refused. The petition concludes with a prayer for judgment in favor of the plaintiff for the sum of $7,110, with interest. To this petition the defendant answered, in substance, that the indebtedness for which these refunding bonds were issued consisted of 44 "railroad aid bonds" issued by the county to the Chicago, Kansas & Nebraska Railway Company, and $30,000 worth of outstanding county warrants. It further alleged that the "railroad aid bonds" were issued within one year after the organization of the county, were issued for an amount beyond the statutory limitation, were void "to the knowledge of all persons whomsoever," and therefore did not, at the time the refunding bonds were issued, constitute a matured or maturing indebtedness against the county within the meaning of the statute; that the refunding bonds were ordered executed, signed, and issued by the board of county commissioners, the chairman thereof, and the county clerk of the county,

without any vote or assent having first been taken or given by the electors of the county upon the proposition of the issuance of said bonds; and that the bonds were therefore void, and no recovery could be had thereon, or upon the coupons in suit. To this answer the plaintiff demurred. The circuit court sustained the demurrer, and entered a judgment in favor of the plaintiff for the amount claimed in his petition.

Each of the bonds in controversy contains the following recital:

"This bond is one of a series of bonds of like amount, tenor, and effect, executed and issued by the county commissioners of said Kiowa county to refund its matured and maturing indebtedness heretofore legally created by said county, and in accordance with an act of the legislature of the state of Kansas entitled 'An act to enable counties, municipal corporations, the board of education of any city, and school districts, to refund their indebtedness,' approved March 8, 1879, and it is hereby certified that the total amount of this issue of bonds does not exceed the actual amount of the outstanding indebtedness of said county, and that all the requirements of the provisions of the foregoing act have been strictly complied with in issuing this bond."

It is no defense to an action brought by an innocent purchaser who has invested his money in municipal bonds containing such recitals to allege that the "railroad aid bonds," which constituted a part of the indebtedness refunded, were void to the knowledge of all persons whomsoever, or that the county commissioners knew that the county had no matured or maturing indebtedness to refund. This recital was evidently made for the very purpose of enabling the county to negotiate and sell these bonds on the market. The statement on the face of the bonds that they were issued to refund the matured and maturing indebtedness of the county pursuant to the authority conferred upon the county by the act of March 8, 1879; that the total amount did not exceed the actual amount of the outstanding indebtedness of the county, and that all of the provisions of law in relation to the issuance of said bonds had been complied with, fairly imported that nothing remained to be done in order to make the bonds binding obligations upon the county in the hands of bona fide purchasers. It was upon the statements contained in the recital upon the face of these bonds, doubtless, that the plaintiff was induced to purchase them. He had a right to rely upon them as true, and by every principle of justice the county is estopped to deny that the bonds were issued to refund the matured and maturing indebtedness of the county. These bonds, containing the recitals above mentioned, were made by the county commissioners, the officers of the county, intrusted and clothed with full power, under the statute, to determine whether or not there was a matured or maturing indebtedness, and the amount thereof. This question has been so often decided by the courts that it would serve no useful purpose to here repeat the reasoning on the question. Ashley v. Supervisors, 8 C. C. A. 455, 60 Fed. 55; West Plains Tp. v. Sage, 32 U. S. App. 725, 16 C. C. A. 553, and 69 Fed. 943; Rathbone v. Hopper (Kan. Sup.) 45 Pac. 610; Graves v. Saline Co., 161 U. S. 359, 16 Sup. Ct. 526; Hackett v. Ottawa, 99 U. S. 96; National Bank of Commerce v. Town of Grenada, 41 Fed. 92.

It is further contended by the plaintiff in error that the act of 1879 does not authorize a county to issue bonds for the purpose of re-

funding outstanding warrants, nor the issue of bonds for the purpose of refunding any indebtedness, without a vote of the electors of the county. This contention cannot be sustained. The statute in express terms authorizes the county "to compromise and refund its matured and maturing indebtedness of every kind and description whatsoever," and confers the power upon the board of county commissioners to do this without submitting the question to a vote of the people of the county. We think the language of the act is broad enough to include not only bonds, but county warrants as well, and confers upon the board of county commissioners, as the representatives of the county, express authority to compromise and refund any outstanding indebtedness which the county may have. This question was recently before the supreme court of Kansas in two cases. In the case of Riley v. Garfield, 49 Pac. 85, that court said:

"It would be difficult, indeed, to select words more comprehensive than those contained in the act. In 1871 the section containing the language above quoted was amended by the legislature so as to authorize the refunding of bonded indebtedness only. This indicates a legislative construction of the act of 1879. The contention that the refunding act does not authorize warrants to be refunded into bonds without a vote of the people of the county is also answered by the act itself, and section 3 of chapter 25 of the General Statutes of 1889, relating to counties and county officers, which reads: 'The powers of a county as a body politic and corporate shall be exercised by a board of county commissioners.' The refunding act authorizes a county to refund its indebtedness. No vote of the people is required in the case of a county, but the act expressly requires a compromise by a township or school district to be submitted to a vote at an election called for that purpose. The argument that the compromise is distinct and separate from the refunding, and that the question of refunding must be submitted to the people in every case, and that of the compromise only by townships and school districts, is too nice to be sound. The compromise and the refunding together constitute but a single transaction. The long list of special acts cited in the brief shed no light on the case in hand. The validity of the bonds must be determined under the law authorizing their issuance, not under other acts having no application. We are unable to perceive any evidence of legislative intent affecting the refunding acts of 1879 to be drawn from the numerous special acts cited." State v. Scott Co. Com'rs, Id. 663.

It is further insisted by the plaintiff in error that, because the "railroad aid bonds" which constituted a part of the indebtedness refunded were payable in 20 years, and were refunded by bonds payable in 30 years, the board of county commissioners exceeded the authority conferred upon it by the statute, and that therefore the refunding bonds must be held to be invalid. We think it is sufficient to say that the power conferred upon the board of county commissioners to compromise and refund the indebtedness of the county carried with it, as incident thereto, the power to fix the time and terms of payment. The judgment of the circuit court is affirmed.