SCHOOL DISTRICT No. 40 OF FINNEY COUNTY v. H. W. CUSHING.

No. 269.

1. SCHOOL-DISTRICT BONDS— *Statutory Requirements*— *Payable to Bearer.* Section 3, chapter 49, Laws of 1879 (Gen. Stat. 1889, ¶ 5759, Gen. Stat. 1897, ch. 63, § 95), while providing that school-district bonds shall state on their face "to whom issued," also provides that bonds signed by the proper district officers and registered by the county clerk shall be negotiable and transferable by delivery, and may be sold by the district board at not less than

a stated price.  *Held*, that making bonds payable "to —— or bearer" was a substantial compliance with the terms of the statute.

2. —— *Date of Issue—Defect in Recital.*  Where school-district bonds purport to have been signed on the first day of a certain month and to have been registered by the county clerk on the 30th day of the same month, *held*, that such bonds were not invalid in the hands of an innocent purchaser thereof by reason of their failure to specify on their face the date when issued.

3. —— *Irregular Election—Innocent Purchaser.*  "The payment of negotiable county bonds in the hands of an innocent purchaser for value cannot be avoided on the ground that the elections authorizing their issue were irregularly called and held, although the irregularities were such that, had the question been raised in the proper manner and at the proper time, such bonds would have been held invalid." (*The State v. Kiowa County*, 39 Kan. 657, 19 Pac. 925; *The State v. Scott County*, 58 Kan. 491, 49 Pac. 663.)

Error from Finney district court; WM. EASTON HUTCHISON, judge.  Opinion filed October 20, 1898. Affirmed.

*A. J. Hoskinson*, for plaintiff in error.

*Wheeler & Switzer*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : In this action, H. W. Cushing, plaintiff below, obtained judgment against School District No. 40, Finney county, formerly School District No. 24, Garfield county, the plaintiff in error, in the sum of $505.70 on thirty semi-annual interest coupons of fifteen dollars each, the same being coupons numbered 11, 12 and 13 of each of ten bonds for the principal sum of $500, and bearing numbers from 1 to 10 inclusive, theretofore issued by said district No. 24.  The coupons and a copy of one of the bonds were made a part of the petition.  Each of the bonds recited the various acts of the legislature under the authority of which the issue was made.  They were signed by the director

and clerk of the district and made payable "to ———— or bearer." Each bond contained this recital:

"And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuing of said bonds have been properly done, happened, and performed, in regular and due form as required by law."

The answer of the school district admitted that the bonds and coupons "were signed by D. H. Mandigo as director and G. M. D. Goff as clerk," but denied that they were authorized so to sign by the district board of said district No. 24; denied that the issuing of the bonds had been duly authorized by a vote of the electors of the district; and denied that a petition had been presented to the district board asking that an election be called to vote on the question of issuing the bonds. The answer affirmatively averred that the bonds were invalid because not issued in conformity with the statute under which they purported to have been issued, in that they did not specify on their face the date of the issue or to whom they were issued, and that the bonds were issued in an amount in excess of six per cent. of the taxable property of the district.

The record discloses nothing tending to impeach the good faith of the district officers or of the plaintiff in respect to the issuance, sale and purchase of the bonds. It shows that a schoolhouse was built by the district from the proceeds of the bonds and that the interest was paid in accordance with the terms of the bonds for a period of five years by the school district. The bonds purported to have been signed by the proper district officers on January 1, 1889, and to have been registered by the county clerk and certified to by the county superintendent of public instruction on the 30th day of that month. At the time these bonds

School District v. Cushing.

were registered no others were outstanding against the district, a prior issue of ten bonds of $500 each having been canceled on January 29, 1889. The record of the issuing and cancelation of the last-mentioned bonds appears to have been kept by the county clerk of Garfield county. Such record was at first admitted in evidence and afterward rejected. The assessed valuation of the taxable property in the district was sufficient to sustain an issue of bonds to the amount of $5000.

The principal contention of the plaintiff in error is that the bonds were and are invalid for the reason that they do not state the date of issue and to whom issued. As to the date of issue, we think the bonds may be regarded as having been issued either when signed, that is, on the 1st day of January, or when presented for registration by the county clerk and for certification by the superintendent of public instruction, which was on the 30th day of the same month. By their terms the bonds began to draw interest from January 1, the date when they purported to have been signed. The first coupons became due and payable on July 1, 1889, and were paid by the school district, as were all coupons falling due during a period of four and one-half years thereafter. The statute under which the bonds were issued provides that such bonds shall be signed by the director and countersigned by the clerk, and after registration by the county clerk shall be negotiable and transferable by delivery, and may be disposed of by the district board at not less than ninety-five cents on the dollar. Under this provision such bonds can certainly be payable to the bearer, or to some particular person or bearer. It is evident that the legislature intended to make bonds of this character negotiable and to give

the district board the power and authority to transfer them by delivery—that is, without requiring that the bonds be transferred by a written assignment. Such being the intention of the legislature, the provision that the bonds state on their face to whom they are payable is complied with by making them payable "to ———— or bearer," as was done in the present instance.

Concerning the evidence offered by the defendant and rejected by the court, to the effect that bonds amounting to $5000 had been issued in December, 1888, by the district board, for the purpose of showing that the issue here concerned was greatly in excess of the statutory limit according to the assessment of the district, it may be said that the rejected evidence showed affirmatively that the first issue of bonds was canceled prior to the registration of the second issue. The evidence, if admitted, would therefore have proven nothing material to the defense.

The contention that the plaintiff should have alleged and proved that the bonds had been issued by order of the district board is not tenable. The recital in the bonds hereinbefore quoted, that all precedent acts and conditions required by law had been properly done and performed, covers the point contended for. This question has been set at rest by numerous decisions of the United States supreme court. The claim that the court erred in refusing to admit evidence to the effect that the issuance of the bonds had not been duly authorized by the electors of the school district may be answered in the language of the syllabus in the case of *The State v. Kiowa County*, 39 Kan. 657, 19 Pac. 925:

"The payment of negotiable county bonds in the hands of an innocent purchaser for value cannot be

avoided on the ground that the elections authorizing their issue were irregularly called and held, although the irregularities were such that, had the question been raised in the proper manner and at the proper time, such bonds would have been held invalid.''

See also decisions of the United States supreme court which are cited in the opinion. We think, further, that within the doctrine of *The State v. Scott County*, 58 Kan. 491, 49 Pac. 663, the defendant district was estopped from denying its liability upon the coupons sued on in this case. The district recognized the validity of the bonds, availed itself of the benefits of the proceeds arising from the sale thereof, and paid the interest on the bonds for a number of years from the funds raised by taxation.

The judgment of the district court is affirmed.