THE CITY OF SOUTH HUTCHINSON v. LAWRENCE L. BARNUM.

**No. 12,521.** (66 Pac. 1035.)

CITIES AND CITY OFFICERS—*Recitals in Funding Bonds—Estoppel.* The city council of a city of the third class is the authority designated by law to determine whether all acts precedent to its right to issue funding bonds have been performed, and a recital in a funding bond that all such precedent acts have been performed, certified to by the mayor and clerk, concludes the city in an action by an innocent purchaser of such bonds or the coupons detached therefrom.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed December 7, 1901. Division two. Affirmed.

*Vandeveer & Martin,* for plaintiff in error.

*E. F. Ware,* and *Gleed, Ware & Gleed,* for defendant in error.

*Per Curiam:* The defendant in error commenced this action in the district court of Reno county against plaintiff in error, the city of South Hutchinson, a city of the third class, to recover judgment on several interest coupons detached from certain refunding bonds issued by the city. The defense was that the bonds from which said coupons had been detached were issued by the city without an ordinance having been passed authorizing their issuance, and that the bonds, therefore, were unauthorized.

It was admitted on the trial that the plaintiff was an innocent holder, and that the persons whose names were signed to the bonds as mayor and clerk of the city of South Hutchinson were such officers at the time the bonds were issued, and that the signatures

were genuine.   Judgment was rendered for defendant in error.

The petition contained a copy of one of the bonds, and alleged that all were like it.   These bonds contained the following recital :

"This bond is issued in accordance with the provisions of an act of the legislature of the state of Kansas, entitled 'An act to enable counties, municipal corporations, the boards of education of any city and school districts to refund their indebtedness,' approved March 8, 1879.

"And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuing of said bonds, have been properly done, happened and performed in regular and due form as required by law."

The law authorizing the issuance of refunding bonds by cities of the third class (Laws 1879, ch. 50 ; Gen Stat. 1901, §§ 517–519) is as follows :

"Section 1.  That every  .  .  . city of the  .  .  . third class  .  .  . is hereby authorized and empowered to compromise and refund its matured and maturing indebtedness of every kind and description whatsoever,  .  .  . and to issue new bonds, with semiannual interest coupons attached, in payment for any sums so compromised.  .  .  .

"Sec. 2.  Bonds issued under this act  .  .  . by any city shall be signed by the mayor, and attested by the city clerk, under the seal of the city.  .  .  .

"Sec. 3.  When a compromise has been agreed upon, it shall be the duty of the proper officers to issue such bonds at the rate agreed upon to the holder of such indebtedness in the manner prescribed in this act.  .  .  ."

The bonds from which the coupons in suit were detached were issued February 1, 1889.   The interest coupons were paid regularly until February, 1897.

On February 18, 1889, the city council passed the following resolution :

"The question of funding the outstanding indebtedness of the city was then taken up by the council. The proposition of H. C. Speer, of Topeka, Kan., was read, and, after due consideration, on motion, the following resolution was adopted :

"*Resolved*, That the floating indebtedness of the city of South Hutchinson, as evidenced by the warrants of said city issued and outstanding prior to February 1, 1889, be and the same are hereby ordered refunded in the amount of six thousand five hundred dollars ($6500), and not in excess of such indebtedness February 1, 1889.

"The mayor and city clerk are authorized and instructed to execute bonds under the provisions of chapter 50, Laws of 1879, to bear date February 1, 1889, and to mature February 1, 1914, with coupons for semiannual payment of interest at six per cent. per annum ; bonds and coupons payable at the Kansas fiscal agency, New York city. The said officers shall cause said bonds to be registered by the city clerk and the auditor of state.

"On delivery of said bonds to the purchaser thereof, the city treasurer and the city clerk shall make a joint certificate, under seal, that an equal amount of warrants of the city of South Hutchinson issued and outstanding prior to February 1, 1889, principal and interest accrued thereon prior to said February 1, 1889, has been surrendered and canceled prior to and by the issuance of said bonds, dollar for dollar.

"The said bonds are hereby sold and ordered delivered to H. C. Speer, at the Merchants' National Bank, of Topeka, for the even sum of six thousand five hundred dollars, in accordance with his proposition on file with the city clerk and hereby accepted. . . ."

On July 5, 1897, the plaintiff in error, by its council, passed the following ordinance :

South Hutchinson v. Barnum.

"*Be it ordained by the Mayor and City Council of the City of South Hutchinson:*

"SECTION 1. That two hundred and $\frac{62}{100}$ dollars ($200.62) be and the same is hereby appropriated from the sinking-fund belonging to the city of South Hutchinson, to buy in and have canceled refunding bond No. 1 of the city of South Hutchinson, issued and dated February 1, 1889, and which matures February 1, 1914, with interest at six per cent., which said bond is for the sum of five hundred dollars ($500).

"SEC. 2. The said sum of two hundred and $\frac{62}{100}$ ($200.62) dollars is to be paid for said bond in full, and said bond is thereupon to be delivered to the city treasurer, and be marked 'canceled'; and the said clerk is hereby authorized to draw his warrant on the treasury for the said sum of $200.62.

"SEC. 3. This act shall be in force and take effect from and after the time it is recorded in the ordinance book.

"Recorded July 5, 1897.

"The above ordinance was passed at a regular session of the city council held July 5, 1897; vote recorded on page 19 of city record.

S. D. RAY, *City Clerk.*"

The city council of a city of the third class is the authority designated by law to determine whether all acts precedent to its right to issue funding bonds have been performed, and a recital in a funding bond that all such precedent acts have been performed, certified to by its mayor and clerk, concludes the city in an action by an innocent purchaser of such bonds or the coupons detached therefrom. (*The State v. Wichita County*, 62 Kan. 494, 64 Pac. 45; *The State v. Scott Co.*, 58 Kan. 491, 49 Pac. 663; *Town of Coloma v. Eaves*, 92 U. S. 484, 23 L. Ed. 579; *Brown v. Ingalls Tp.*, 81 Fed. 485; *Brown v. Ingalls Tp.*, 86 id. 261, 30 C. C. A. 27.)

The judgment of the court below is affirmed.

CUNNINGHAM, GREENE, POLLOCK, JJ.