No. 19,214.

F. Finnup, *Appellee*, v. School District No. 40 of Finney County, *Appellant.*

### SYLLABUS BY THE COURT.

School-district Bonds—*Innocent Holder—District Liable.* A school district is liable to an innocent holder on its refunding bonds issued under chapter 50 of the Laws of 1879, where the bonds recite that all acts, conditions, and things required to be done precedent to and in the issuing of the bonds have been properly done, happened and performed in regular and due form as required by law, although there is a certificate of the district board accompanying the bonds, purporting to recite some, but not all, of the steps taken preceding the issuance of the bonds, the certificate not contradicting the recitals in the bonds.

Appeal from Finney district court; George J. Downer, judge. Opinion filed February 6, 1915. Affirmed. Opinion denying a rehearing filed April 10, 1915.

*William C. Pearce, Edgar Foster,* both of Garden City, and *D. W. Herman,* of Ravanna, for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellee.

The opinion of the court was delivered by

Marshall, J.: This is an action to recover on two school bonds of $400 each, with coupons attached, issued January 1, 1890, due January 1, 1910. The certificate, signed by the district officers, and accompanying the bonds, recites that as the board of directors of the district, in compliance with a petition, dated the 8th day of November, 1889, and signed by at least one-third of the qualified voters of the district, they ordered an election to be held on the 25th day of November, A. D. 1889, at the school house, for the purpose of voting upon the question of issuing the bonds of the

district, for the purpose of funding outstanding indebtedness; that notices of the election, signed by the district clerk, were posted in five public places in the district, ten days before the day appointed for the election; that the election was held at the time and place announced in the notices, the polls being kept open from eight o'clock a. m. until six o'clock p. m., presided over by the proper officers, conducted as provided by law, and the returns made to the district board. The bonds recite that they were issued to refund the outstanding indebtedness of the school district, and were issued in conformity to and in compliance with chapter 50 of the Laws of 1879; and that all acts, conditions and things required to be done precedent to and in the issuing of the bonds, have been properly done, happened and performed in regular and due form as required by law. The certificate also recites that there were 140 persons, between the ages of five and twenty-one years, residing in the district; that the district contained 18½ sections of land, 8471 acres of which were subject to taxation; that the property in the district, subject to taxation amounted to $78,018; and that the bonded indebtedness of the district, including the bonds above described, was $5800.

From oral evidence introduced, it appears that the bond election was called and held for the purpose of raising funds to complete the schoolhouse and clean up the schoolhouse yard. The county clerk's record indicates that two sets of bonds were issued. One set of two bonds for $400 each appears to have been issued January 1, 1890, payable January 1, 1905, and cancelled February 6, 1890. The other set of two bonds for $400 each appears not to have been canceled. The evidence clearly discloses that the bonds and unpaid coupons attached thereto were purchased by the plaintiff, in good faith, before maturity, for value, and without any notice of any defect therein. The proceeds of the bonds were not paid over to the school-district treasurer.

The answer alleges that the bonds were issued with-out authority, and contrary to the provisions of chapter 50 of the Laws of 1879, and that such lack of authority appears on the face of the bonds, and that they were not issued in conformity to and in compliance with this chapter.

Judgment was rendered in favor of the plaintiff. The defendant appeals, and urges several assignments of error, but all are embraced in this one question: Is the district liable on the bonds in controversy?

One of the principal contentions of the defendant is that the certificate accompanying the bonds shows on its face that the bonds have not been legally issued. We fail to find where this argument is substantiated by the certificate. It is contended that the certificate shows that the law under which the bonds purport to have been issued (Laws 1879, ch. 50) has not been complied with. What statement in the certificate shows that this chapter has not been complied with? After reading the certificate and the law we are unable to find any such statement in the certificate.

It is argued that the certificate shows that the bonds were issued under chapter 49 of the Laws of 1879. This argument is based on a statement found in the county clerk's certificate, on the back of the certificate of the school board, as follows:

"I have this day forwarded to the State Superin-tendent of Public Instruction the statement required by Sec. 4, Chap. 49, Laws 1879."

This does not say that these bonds were issued un-der that chapter. It does not contradict the certificate of the school board which says that the bonds were is-sued under chapter 50 of the Laws of 1879.

The recitals in the bonds estop the defendant from saying that the bonds were illegally issued. This is an oft-repeated rule in the law of municipal securities. In *South Hutchinson v. Barnum,* 63 Kan. 872, 66 Pac. 1035, this court said:

"The city council of a city of the third class is the

authority designated by law to determine whether all acts precedent to its right to issue funding bonds have been performed, and a recital in a funding bond that all such precedent acts have been performed, certified to by the mayor and clerk, concludes the city in an action by an innocent purchaser of such bonds or the coupons detached therefrom." (Syl.)

The school board is the body to determine whether all acts precedent to its right to issue funding bonds have been performed.

Another case, closely analogous to the one under consideration, is *The State v. Wichita County*, 62 Kan. 494, 64 Pac. 45. In that case the county was held liable against the defense that the debt refunded was not bonded indebtedness of the county, and the county was not allowed to escape liability on the ground that the bonds issued exceeded in amount the limit prescribed by the refunding act. See, also, *West Plains Tp. v. Sage*, 69 Fed. 943, a case originating in this state and decided by the circuit court of appeals, eighth circuit. Also, see *Howard v. Kiowa County*, 73 Fed. 406.

In *The State, ex rel., v. Comm'rs of Kiowa Co.*, 39 Kan. 657, 19 Pac. 925, this court said:

"The payment of negotiable county bonds in the hands of an innocent purchaser for value can not be avoided on the ground that the elections authorizing their issue were irregularly called and held, although the irregularities were such that, had the question been raised in the proper manner and at the proper time, such bonds would have been held invalid." (Syl.)

The law is too well settled in this country, against the claims of the defendant, to permit this court to grant it what it now seeks as against the alleged improper conduct of its officers twenty-five years ago.

The trial court decided all controverted questions of fact and contested inferences against the defendant.

The judgment is affirmed.

MASON, J., not sitting.

OPINION DENYING A REHEARING.

Filed April 10, 1915.

The opinion of the court was delivered by

MARSHALL, J.: The school district asks that this court reëxamine this case and reverse the judgment rendered in February. Its argument is based on *Lewis v. Comm'rs of Bourbon County,* 12 Kan. 186. In that action Lewis sought to compel the levy of a tax to pay interest on bonds issued by Bourbon county. The following is a copy of one of these bonds:

"No. ——        STATE OF KANSAS        $1,000.
    *"Stock Bond of Bourbon County, Kansas.*

"Thirty years after date the county of Bourbon promise to pay to the Tebo & Neosho Railroad Company, (a corporation organized by authority of the laws of the state of Missouri, and by virtue of an act of incorporation passed by the legislature of the state aforesaid, and approved the sixteenth day of January, 1860,) or bearer, the sum of one thousand dollars, for value received, with interest at the rate of seven per cent. per annum, payable semi-annually at the New York National Exchange Bank, in the city of New York, from and after the first day of January, 1871." (p. 188.)

It must be noticed that the only recital in this bond is of the incorporation of the railroad. There being no recitals in these bonds, they depended, for their validity, upon the proceedings out of which they were issued. On account of the illegality of these proceedings, this court said the bonds were void, and refused to compel the levy of a tax to pay interest thereon.

*Gulf Rld. Co. v. Comm'rs of Miami Co.,* 12 Kan. 230, is also relied on by the school district. Again the bonds contain no recitals.

*C. K. & W. Rld. Co. v. Ozark Township,* 46 Kan. 415, 26 Pac. 710, is also cited. In that case the township sought to prevent the issue of railroad bonds in the sum of $10,000, after $18,000 had been voted, with the understanding, however, that only $10,000 would be

issued. The district court rendered judgment in favor of the township. This court reversed the judgment, and directed that judgment be entered in favor of the railroad. The cases are not at all analogous.

*Salt Creek Township v. Bridge Co.*, 51 Kan. 520, 33 Pac. 303, is cited by the school district. There, the bonds were issued direct to the bridge company, and the dealings were between the township and the bridge company. The suit was between the township and the bridge company. There was no innocent purchaser. The bridge company was compelled to know the authority of the township, and the regularity of its proceedings.

*Gas Co. v. Railway Co.*, 74 Kan. 661, 87 Pac. 883, is cited. In that case the question was not whether or not the proceedings taken were in conformity with the statute, but was this, Did the statute authorize the bonds to be issued at all? This court held that it did not.

The school district confuses power given by law to issue bonds for certain purposes, prescribing the procedure for the issuance of such bonds, with an absence of statutory power to issue such bonds. Where a statute authorizes bonds for certain purposes, and such bonds are issued, recitals therein that they had been issued for that purpose, and that all the things required to be done by law had been done, then the question of estoppel on account of recitals arises. There is then no question concerning the law of this state, or of other states. (See 28 Cyc. 1603, and 8 Encyc. of U. S. Sup. Ct. Rep. 725, 744.) The recitals contained in the bonds issued by the school district defeat the district in this action. If the bonds contained no recitals, or if the action were between the school district and the party to whom the bonds were first issued, then the contentions of the district would have foundation, and would probably be controlling.

We see no reason for changing the judgment of this court. The former judgment is adhered to and the motion for rehearing is denied.