No. 26,018.

HUGH L. KNISELY, *Plaintiff*, v. SCHOOL DISTRICT No. 17, of the County of Gray, et al., *Defendants*.

SYLLABUS BY THE COURT.

SCHOOLS—*Bonds—Rights and Remedies of Holder.* Where statutory authority exists for such issue and certificate, the bonds of a school district, certified by the state auditor as duly and regularly issued, are valid in the hands of a *bona fide* purchaser, and mandamus will lie to compel the district to levy a tax for payment thereof.

Original proceeding in mandamus. Opinion filed October 10, 1925. Writ allowed.

*J. B. Larimer* and *W. Glenn Hamilton,* both of Topeka, for the plaintiff.

*H. O. Trinkle,* of Garden City, and *Lester Luther,* of Cimarron, for the defendants.

The opinion of the court was delivered by

HOPKINS, J.: This is an original proceeding in mandamus to compel the defendant school district to levy and collect taxes for the payment of one of its bonds held by the plaintiff.

The bond is in due form and contains the recital that "all acts, conditions and things precedent to the issuance thereof were performed in regular time, form and manner." It was issued under chapter 76 of the Laws of 1921, which provides that—

"No indebtedness of any kind shall be funded or refunded, under the provisions of this act except indebtedness existing at the time of the passage of the act, . . . and said auditor of state, upon the submission of such proceedings, shall indorse on each bond a registration certificate to the effect that said bond has been regularly and legally issued and registered in his office according to law, and thereafter said bond shall be incontestable in any court in the state of Kansas."

The auditor's certificate of registration appears on the back of the bond.

The defendants admit that the bond was issued for value, but contend there was no authority for the issuance under the act mentioned. All of the indebtedness of the district prior to the passage of the act (March 11, 1921), and outstanding on that date, had been paid by another issue of bonds.

It appears that the school district, on March 11, 1921, had an

1. Schools, 35 Cyc. p. 996; Mandamus, 38 C. J. § 424.

outstanding indebtedness of approximately $12,000. Bonds in that amount were issued to cover such indebtedness. Later other indebtedness of approximately $12,000 was contracted, for which the district's warrants were issued. The district then issued the second series of bonds to take up the warrants.

The second issue, including the bond in controversy, was certified by the district officers as being issued under the provisions of chapter 76 of the Laws of 1921.

The defendants contend that the school district is not estopped from setting up as a defense its lack of authority to issue the second series; that the recitals of the bond itself placed on plaintiff the duty and burden of investigating the proceedings to ascertain if the bond was issued according to law.

In *Lewis v. Commissioners,* 105 U. S. 739, it was held that it is within the power of the legislature to direct the auditor of state to place a certificate of unimpeachability on bonds registered by him and that such certificate in effect cuts off all defenses thereto.

In *City of Cairo v. Zane,* 149 U. S. 122, it was said:

"When the law of the state provides for registry of municipal bonds and a certificate thereof, such certificate should be held as sufficient evidence to a purchaser of the existence of those facts upon which alone bonds can be registered." (p. 141. See, also, *Aurora v. Gates,* 208 Fed. 101, L. R. A. 1915A 910.)

The decisions construing the word "incontestable" hold that a defense of fraud (as alleged here) is of no avail in face of the provisions of the statute.

The word "incontestable" means not contestable, not to be disputed, that which cannot be called in question or controverted, incontrovertible, indisputable. As used in life insurance policies which provide that after stated limitations they shall be incontestable, the word ordinarily includes every defense which could otherwise be made. (See *Kansas Mut. Life Ins. Co. v. Whitehead,* 123 Ky. 21, 93 S. W. 609, 610; *Mutual Reserve Fund Life Ass'n v. Austin,* 142 Fed. 398, 401, 6 L. R. A., n. s., 1064. See, also, *Simpson v. Insurance Company,* 115 N. C. 393; *Royal Circle v. Achterrath,* 204 Ill. 549, 63 L. R. A. 453.)

The incontestable clause of the statute is in force in a number of the states. Such statutes are doubtless grounded upon the principle that the better the reputation of the municipality and its bonds, and the more immune from attack, the higher price they

will command in the market. The result is a lower interest rate than in states not so protecting their municipal obligations.

*The State v. Wichita County,* 62 Kan. 494, 64 Pac. 45, was a case in which Wichita county had issued refunding bonds and later attempted to repudiate them on the grounds that the indebtedness had not been outstanding for more than two years; that the debt refunded was not bonded indebtedness, as required by the refunding act, and that the bonds exceeded the debt limit prescribed by the refunding act. The bond contained recitals similar to the bond in the instant case. It was held that, in view of such recitals, the county was estopped from setting up any of the defenses mentioned. In the opinion it was said:

"Do these recitals, and the certificate of the officers that all of the facts necessary to the issue of the bonds existed and that all the requirements of the law had been complied with, estop the county from denying the existence of the facts of the noncompliance with the requirements in an action upon them by a *bona fide* holder? The general rule is that individuals cannot by their representations induce others to purchase property or part with money and afterwards deny the representations or repudiate the obligations assumed on the faith of their representations. In their dealings municipal and other corporations are held to the same rule of truth and honesty as individuals, and the innocent purchaser of municipal bonds has a right to assume that the officers representing the municipality are honest and that the statements made in the exercise of their authority are true." (p. 497.)

In *South Hutchinson v. Barnum,* 63 Kan. 872, 66 Pac. 1035, it was said:

"The city council of a city of the third class is the authority designated by law to determine whether all acts precedent to its right to issue funding bonds have been performed, and a recital in a funding bond that all such precedent acts have been performed, certified to by the mayor and clerk, concludes the city in an action by an innocent purchaser of such bonds or the coupons detached therefrom." (Syl.)

There is nothing on the face of the bond in controversy to give the plaintiff any notice or knowledge that it was issued to refund indebtedness incurred after March 11, 1921, nor was it necessary to ascertain that the indebtedness funded had been incurred prior to March 11, 1921. The plaintiff had the right to rely upon the truth of the recitals in the bond that there had been such an indebtedness; that it had been incurred prior to March 11, and that it was issued under chapter 76, Laws of 1921. (See *City of Troy v. A. & N. R. Co.,* 13 Kan. 70; *Hubbell v. South Hutchinson,* 64 Kan. 645, 68 Pac. 52; *W. L. Slayton & Co. v. Panola County,* 283 Fed. 330.)

It may be observed, in passing, that the debt represented by the bond in question is legal, has never been paid, and that the district having received full value therefor, the plaintiff would be entitled to recover even if the bond were invalid. (See *County of Jasper v. Ballou,* 103 U. S. 745; *Rich v. Township of Mentz,* 18 Fed. 52; *City of Cadillac v. Woonsocket Inst. for Savings,* 58 Fed. 935; *Ashley v. Board of Sup'rs,* 60 Fed. 55; *Brown v. Ingalls Twp.,* 81 Fed. 485; *Thackston v. Goodwin,* 79 S. C. 396.)

We conclude that where statutory authority exists for such issue, the bonds of a school district, certified by the state auditor as duly and regularly issued, are valid in the hands of a *bona fide* purchaser, and mandamus will lie to compel the district to levy a tax for payment thereof.

Writ allowed.