First National Bank of Decorah, Appellant, v. District Township of Doon, Appellee.

1. **Municipal Bonds:** FRAUD: INNOCENT PURCHASER: PAYMENT: EVIDENCE. In an action against a school district for the collection of certain bonds, brought by an innocent purchaser thereof, the district alleged that said bonds had been fraudulently issued because of the payment of the judgment for which said bonds were issued prior to the issue of the bonds, and offered in evidence eight bonds that had been canceled, five of which purported to have been issued to the plaintiff in the judgment in question, corresponded in the aggregate to the amount of said judgment, and one of which was identified by the former secretary of the district as part of a series of bonds issued in payment of said judgment; it appeared further that all of said bonds had been determined to be the valid obligations

of the district by the judgment of a competent tribunal. *Held,* that although no record of the district showing that said bonds had been authorized or issued was offered, yet, it being shown that no such record could be found after diligent search, the bonds were competent as· evidence, and that the fraudulent character of the bonds in suit was established.

2. ———: ———: ———: CONSTITUTIONAL LIMIT OF INDEBTEDNESS The judgment for which said bonds were issued having been previously paid, *held,* that their issue had the effect of creating a new obligation on the part of the district, and said obligation being in excess of the constitutional limit of indebtedness, the bonds were invalid.

3. ———: ———: ———: PAYMENT OF INTEREST: ESTOPPEL. Where municipal bonds are issued without the authority of law, the levy of taxes by the corporation for their payment, and the payment of the interest thereon ·for a term of years, will neither give validity to the bonds, nor estop the corporation from asserting their invalidity.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

: SATURDAY, OCTOBER 15, 1892.

ACTION at law to recover the amount alleged to be due on bonds issued by the defendant. There was a trial by the court without the aid of a jury, and a judgment rendered in favor of the defendant. The plaintiff appeals.—*Affirmed.*

*Wright & Hubbard,* for appellant.

*A. Van Wagenen* and *H. G. McMillan,* for appellee.

ROBINSON, C. J.—The following is a copy of one of the bonds in suit:
"No. 5. $500.

"United States of America, State of Iowa, Lyon county.

"The district township of Doon, for value received, promises to pay to James H. Wagner or order, at treasurer's office in Doon, on the first day of March, 1890, or at any time, after five years, before that date, at the pleasure of the district township, the sum of five

hundred dollars, with interest at the rate of ten per cent. per annum, payable at the treasurer's office in Doon, semi-annually, on the first days of March and September in each year, on presentation and surrender of the interest coupons hereto attached. This bond is issued by the board of directors of said district township for the purpose of paying off judgments and funding judgment indebtedness, under the provisions of chapter 132, Laws of the Seventeenth General Assembly, and in conformity with a resolution of said board, dated the first day of March, 1880. In witness whereof, the said district, by its board of directors, has caused this bond to be signed by the president of the board, and attested by the secretary, this first day of March, 1880.                          J. Shotswell,

"T. E. Convers,                          "President."
      "Secretary."

To the bond are attached coupons, of one of which the following is a copy:

"$25                     (No. 20.)                  · $25

The treasurer of the district township of Doon, Iowa, will pay to the bearer hereof, on the first day of March, 1890, at treasurer's office, twenty-five dollars for interest on bond No. 5, issued under provisions of chapter 132, Laws of the Seventeenth General Assembly.                          J. Shotswell,

"T. E. Convers,                          "President."
      "Secretary."

A certificate attached to the bond is as follows:

"State of Iowa, ⎱ ss.
  Lyon County. ⎰

"I, J. M. Webb, auditor of said county, do hereby certify that the annexed bond has been duly registered in my office this seventh day of March, 1880.

                          "J. M. Webb,
                          "County Auditor."

On the back of the bond was printed a copy of chapter 132 of Acts of the Seventeenth General Assembly, as follows:

"Be it enacted by the General Assembly of the state of Iowa:

"Section 1. That any school districts against which judgments have been rendered prior to, the passage of this act, and which judgments remain unsatisfied, may, for ,the purpose of paying off such judgments and funding such judgment indebtedness, issue, upon the resolution of the board of directors of the district, the negotiable bonds of such district running not more than ten years, and bearing a rate of interest not exceeding ten per cent. per annum, payable semi-annually, which bonds shall be signed by the president of the district and countersigned by the secretary, and shall not be disposed of for less than their par value, nor for any other purpose than that provided for by this act; and such bonds shall be binding and obligatory upon the district.

"Section 2. It shall be the duty of the board of directors of any district which shall issue bonds under this act to provide for the payment of the same by the levy of tax therefor, in addition to the other taxes provided by law; and they are hereby required to levy such amount each year as shall be sufficient to meet the interest on such bonds promptly as it accrues.

"Section 3. The bonds issued under this act shall be in the name of the district, and substantially the same form as by law provided for county bonds; shall be payable at the pleasure of the district; shall be registered in the office of the county auditor; shall be. numbered consecutively, and redeemed in the order of their issuance. Approved March 25, 1878."

The bond is indorsed in blank by the payee. The other bonds, nine in number, are in all respects like the one set out, excepting that three of them are for

but one hundred dollars each.  The plaintiff claims to have purchased the bonds in good faith, for a valuable consideration, before they were due, and without knowledge or notice of any matter affecting their validity.

The defendant claims that the bonds are fraudulent and void; that they were issued without consideration; that the judgment for the payment of which they purport to have been issued was paid and canceled before they were issued; that they were issued in violation of section 3 of article 11 of the constitution of Iowa, which provides that "no county or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation."  The plaintiff, in reply to the claim of the defendant, alleges that the bonds were ordered to be issued by the board of directors of the defendant; that, after the bonds were issued, the defendant levied taxes for their payment, and paid the interest which fell due thereon for three years from their date, and recognized them as its valid obligations, that the plaintiff relied upon the action of the defendant and its officers, referred to in purchasing the bonds, and that the defendant is now estopped to question their validity.  The district court found that the judgment on account of which the bonds in suit were issued was paid before they were issued; that they were issued fradulently, and in violation of the provision of the constitution quoted; and that they are void in the hands of plaintiff.

1. The judgment which the bonds in suit were issued to satisfy was rendered on the twenty-second day of

1. MUNICIPAL bonds: fraud: innocent purchasers: payment: evidence:

July, 1873, by the district court of Plymouth county, in favor of James H. Wagner, for the sum of two thousand, two hundred and sixty-seven dollars and

sixty-one cents. A transcript of the judgment was filed in Lyon county on the twenty-second day of July, 1873. The docket containing this transcript shows entries as follows:

"Received the amount of this judgment in full by issuing the judgment bonds of said district.

"James H. Wagner."

"This judgment was canceled by error, it being assigned to C. A. Greely in September, 1875, and the said Greely now holds the assignment of said judgment.        James H. Wagner."

"Assigned to C. A. Greely, September 18, 1875.
"James H. Wagner."

It is claimed by the appellee that this judgment was satisfied with judgment bonds issued in August, 1873, and that the second and third entries were fraudulent, and made as a pretext for issuing another set of bonds in pretended payment of the judgment. The deposition of the person who was secretary of the defendant in the years 1872 and 1873 was introduced in evidence. He testified that Wagner obtained a judgment against the defendant in the year 1873; that to the best of his recollection the judgment included Wagner's claims against the district in full, and that bonds were issued to him in satisfaction of that judgment; that the bonds were signed by P. Fullmer, as president, and that he signed a part of them; that one of those bonds had recently been in his possession, and had been by him sent to the attorneys for the defendant. It was shown that a judgment for nine hundred dollars was rendered in Plymouth county against the defendant and in favor of O. Gage and S. D. Hanson. To show the payment of that judgment and the one in controversy the defendant was permitted to introduce in evidence eight bonds. They were alike in form, and purported to be judgment bonds of the defendant; were dated August 5, 1873, and signed by

P. Fullmer, as president, and G. Haynes as secretary. Of these bonds, four for five hundred dollars each and one for two hundred dollars were issued to James H. Wagner, and one for five hundred dollars and two for two hundred dollars each were issued in favor of O. Gage and S. D. Hanson. Two of those in favor of Wagner bore the following indorsement:

"August 21, 1873.

"For value received, I sell, assign and guaranty the payment of the within bond to ———, and also the judgment upon which it was issued, in Plymouth county, Iowa, district court.

"James H. Wagner."

The other bonds in favor of Wagner were indorsed in blank. The bonds in favor of Gage and Hanson were indorsed with their names, "per James H. Wagner." Across the face of each bond was stamped the following: "Canceled by judgment of circuit court in Lyon county, Iowa, Feb. 18, 1879, F. A. Keep, Clerk." A judgment against the defendant of that date for three thousand, two hundred and seventy dollars and fifty cents was shown to have been rendered in Lyon county.

The plaintiff objected to the introduction of the bonds, and now insists that they should have been excluded as incompetent. No record of the defendant, showing that the bonds so offered in evidence had been authorized or issued, was introduced in evidence, but it was shown that diligent search for such a record had been made, and that it could not be found. Evidence, which was competent in the absence of the record of the board of directors of the defendant, and which tended to show that such bonds were issued, had been submitted. The aggregate amount of the bonds issued to Wagner and to Gage and Hanson corresponded with the respective judgments rendered in favor of each in Plymouth county. Other judgments against the

defendant, rendered in Lyon county, were shown, but evidence was submitted which tended to show that they were satisfied by other means than the bonds now under consideration. Those, considered with other evidence, certainly tend to prove payment in August, 1873, of the judgment in controversy. They purported to have been issued officially by public officers, and had been found to be the valid obligations of the defendant by the judgment of a competent tribunal. One of them had been identified by the person who signed it as secretary as one of the bonds issued in payment of the Wagner judgment rendered in Plymouth county, and the others had been partially described by him. We are of the opinion that the objection made did not question the sufficiency of the preliminary proof as to the character of the bonds, and that they were properly admitted as competent evidence. There is little direct evidence that the judgment in controversy was paid in 1873, and that is not of a conclusive character; but the circumstantial evidence is quite satisfactory, and fully justified the district court in finding that the judgment was paid in the year named, and that the attempt to recover it and the issuing of the bonds in suit were fraudulent.

II. It is claimed, however, that if it be true that the judgment was paid in 1873, that fact would not prevent a recovery by the plaintiff on the bonds in suit, even though they were issued in violation of the constitutional limitation. The argument advanced in support of this claim is substantially as follows: The board of directors of the defendant was vested by law with the power to audit and allow claims against it. The board was, therefore, vested with authority to determine whether the judgment was unsatisfied, and, having decided that it was, and having issued the bonds in suit, reciting therein that they were issued for the

2. ___: ___: ___: constitutional limit of indebtedness.

purpose of paying off judgments and funding judgment indebtedness under the provisions of chapter 132 of Acts of the Seventeenth General Assembly, in conformity with the resolution of the board to pay it, the action of the board is final, and cannot be questioned by the defendant, especially as against an innocent purchaser of the bonds for value before maturity. The case of *S. C. & St. P. R'y Co. v. County of Osceola*, 45 Iowa, 169, is relied upon by the appellant. In that case no question in regard to the validity of bonds issued to satisfy a judgment which had already been paid was involved, and we need not, therefore, consider it further. In this case, the judgment in question having once been paid, the bonds in suit, if valid, created a new liability on the part of the defendant, equal to their amount. They were not judgment bonds within the meaning of the law, for that authorized the defendant to issue judgment bonds on account of "unsatisfied" judgments. This court is committed to the doctrine that the purchaser of negotiable bonds issued by a municipal corporation is charged with notice that the indebtedness of the corporation is in excess of the amount limited by the constitution. In *French v. Burlington*, 42 Iowa, 617, it was said that: "He who contracts with a city, whereby an indebtedness is created, must, at his peril, take notice of the financial standing and condition of the city, and whether the proposed indebtedness is in excess of the constitutional limitation." True, that case does not involve the rights of an innocent purchaser of negotiable bonds, but it is authority for the conclusion that bonds issued on a contract which created a debt in excess of the constitutional limitations would be invalid. In *McPherson v. Foster*, 43 Iowa, 59, the validity of bonds issued by an independent district for the building of a schoolhouse in excess of the amount permitted by the constitution was considered, and they were held to be void

in the hands of purchasers without actual notice of the fact. In *Mosher v. Ind. School Dist. of Ackley*, 44 Iowa, 124, it was said of bonds of a municipal corporation, issued in excess of the constitutional limitation: "The bonds and coupons attached are void, without regard to the good faith with which they are purchased, and the want of notice of their invalidity by the holders." In *Kane v. Ind. District of Rock Rapids*, 82 Iowa, 5, this court, in approving a decree of the district court, which set aside a judgment rendered on an alleged indebtedness in excess of the constitutional limitation, used language as follows: "A party who becomes the creditor of a municipal corporation must, at his peril, take notice of the fact that its indebtedness is in excess of the constitutional limitation." See, also, *Doon Twp. v. Cummins*, 142 U. S. 366, 12 Sup. Ct. Rep. 220, for a discussion as to constitutional limitations. The evidence submitted fully justified the district court in finding that the bonds in suit were issued contrary to the constitutional inhibition.

III. The fact that the defendant caused taxes to be levied, and the interest on the bonds to be paid for a term of years, is immaterial. Having no power to issue the bonds, its acts in levying taxes for their payment and paying interest were illegal, and neither gave validity to the bonds, nor estopped the defendant to assert their invalidity.

3. ——: ——: ——: payment of interest: estoppel.

IV. Numerous errors in regard to the admission of evidence are assigned. Some of them are disposed of by what we have already said; others are not discussed. In some instances no exception was taken to the ruling of the court, and in no case where an exception was duly preserved and is argued do we find any error which could have affected the final result. We are of the opinion that the conclusions of the district court were authorized by the pleadings and evidence. Its judgment is, therefore, AFFIRMED.