THE INDEPENDENT DISTRICT OF ROCK RAPIDS, *et al.*, v.
THE SOCIETY FOR SAVINGS OF CLEVELAND,
OHIO, *et al.*, Appellants.

School District Bonds:  BURDEN OF PROOF:  *Innocent purchaser*:
*Constitutional law.*  Bonds delivered to pay judgments against the
district cannot be defeated in the hands of good faith purchasers
for value, without notice, by showing that the judgments were
rendered upon warrants issued in excess of the constitutional debt
limit.  Nevertheless, in an action brought to cancel such bonds, in
which defendant asks affirmative relief upon them, in which
action it appears, that the bonds do not purport to have been
issued to pay specific judgments, that the judgment on which it
claimed one of the bonds was applied had been twice bonded
before, and that more bonds were issued than was necessary to
pay the judgment asserted, the burden was on the defendant
to show, that his bonds were actually applied to pay the specific
judgments, and if part of his bonds only, were legal, to show what
part of their proceeds was applied to the payment of an unpaid
judgment.

*Appeal from Lyon District Court.*— HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, MAY 26, 1896.

SUIT in equity to cancel certain corporation bonds held by the defendants. There was a decree for the plaintiffs, and the defendant, Frank Larrabee, appeals. —*Affirmed.*

*Stoneman & Chapin* for appellant.

*H. G. McMillan, E. C. Roach,* and *J. M. Parsons* for appellees.

ROTHROCK, C. J.—I. The plaintiffs are five independent school districts, composed of the same territory as was embraced originally in what was known as the "Independent District of Rock Rapids." The object of this suit is to cancel and set aside certain bonds issued by the independent district of Rock Rapids, and now held by the defendants. The said bonds are claimed to be void, because they were issued without authority of law, and upon indebtedness in excess of the constitutional limit of five per cent. upon the assessed valuation of the property in the district. The appellant is the owner of four bonds, issued by the independent district of Rock Rapids, in the year 1880. Said bonds are negotiable in form, and it is averred in the answer that they are legal and valid obligations, because they were issued in payment of judgments duly rendered against the school district, and that defendant is an innocent owner and holder of said bonds for value, and an accounting is prayed of the amount due thereon, and it is asked that judgment be rendered for the defendant for the amount of the bonds. There is no question that nearly all the

indebtedness contracted by the independent district of Rock Rapids was fraudulent and void. This court is not unfamiliar with the methods adopted by that corporation to violate the constitution and the laws of the state by contracting illegal obligations. See *Kane v. Independent School District*, 82 Iowa, 5 (47 N. W. Rep. 1076); *Independent District of Rock Rapids v. Miller*, 92 Iowa, 676 (61 N. W. Rep. 376), and other cases in this court. There is no question that the bonds in controversy in this case were issued in excess of the constitutional limit. The contention of the appellant is that they were issued to pay judgments, and that, although the judgments may have been in excess of the constitutional limit, yet the bonds are valid in the hands of an innocent holder for value. It is true that this court has held that the judgment bonds of a county in the hands of innocent holders for value, without notice of their illegality for any cause, cannot be defeated by showing that the judgments were rendered upon warrants issued in excess of the constitutional limitation of five per cent. *Railway Co. v. County of Osceola*, 45 Iowa, 174. But, as we understand the evidence in this case, the defendant cannot invoke the doctrine contended for, because it does not appear with sufficient certainty that any judgments were paid or extinguished by the issue of the bonds in suit. The bonds in controversy purport to have been under the provisions of chapter 132 of the laws of the Seventeenth General Assembly, which authorized school districts against which judgments had been previously rendered to issue bonds to fund and pay off said judgments; and, as the defendant demands affirmative relief, it is incumbent on him to show that the bonds owned by him were actually applied in the payment of certain specific judgments. The evidence shows that the judgment upon which the defendant claims one of his

bonds was issued had been twice bonded before the plaintiff's bond was made. This being so, the plaintiff's bond was void. *First National Bank v. District Township of Doon*, 86 Iowa, 330 (53 N. W. Rep. 301). None of the bonds recite that they were issued in payment of any specific judgment, and it is apparent that more bonds were issued than were necessary to pay the judgments. There appear to have been forty or more judgments rendered against the districts, and judgment warrants were issued, and bonds issued to the holders of these warrants; and the whole matter is in such confusion that it is difficult to determine just how the bonds were applied, or how many times the judgments were paid by an issue of bonds. As we have said, the burden was on the defendant to show that the bonds which he holds extinguished judgments to the extent of the amount of the bonds; or, if part of the bonds were legal and part of them illegal, it was incumbent on him to show what part of the proceeds were applied in payment of an unpaid judgment. See *Anderson v. Insurance Co.*, 88 Iowa, 580 (55 N. W. Rep. 348), and *Holliday v. Hildebrandt*, 97 Iowa, 177 (66 N. W. Rep. 89). The decree of the district court is AFFIRMED.