## GRATTAN TP. v. CHILTON.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1899.)

### No. 1,096.

1. MUNICIPAL BONDS—CONDITIONS PRECEDENT TO ISSUANCE—EFFECT OF RECITALS.

The recitals of officers who are invested with authority to determine when conditions precedent to the issue of negotiable bonds are complied with, and with power to issue them on the fulfillment of such conditions, that they have been issued "in pursuance of," or "in conformity with," or "by virtue of" the statute which authorizes their issue under the prescribed conditions, preclude inquiry, as against innocent purchasers for value of the bonds containing such recitals, as to whether or not the precedent conditions had been performed when they were issued.

97 F.—10

**2. SAME—PROPOSITION FOR ISSUANCE CONSTRUED.**

A proposition adopted by the voters of a township authorizing the issuance of bonds "in aid of the construction of a line of railroad passing into the county of Holt from the east, and through the said township to the city of O'Neill, in said county, such proceeds to be given to the Nebraska & Western Railway Company when it shall complete a line of said railroad, and have cars running thereon, to the city of O'Neill," on or before a date named, the city of O'Neill being situated within said township, does not require as a condition precedent to the issuance of such bonds that the railroad shall be constructed entirely through the township, and their issuance was authorized on the completion of the road and the running of cars thereon, to the city of O'Neill within the time prescribed.

**3. SAME—PRESUMPTIONS.**

Acts done or contracts made by a corporation, which presuppose the existence of other acts or conditions in order to make them valid and legally operative, are presumptive proof of the latter.

**4. SAME—VALIDITY—BURDEN OF PROOF.**

Comp. St. Neb. 1897, p. 800, § 4023, requires a railroad company to file for record in the office of the clerk of a county in which bonds are to be voted in its aid a plat of the survey of its line of road through the county within two weeks previous to the election, and provides that no bonds shall be valid in case they are voted, unless such line is built within 40 rods of the survey as so filed. *Held*, that where bonds were voted, and were issued by the proper officers after the road was built, they, or the coupons therefrom, were prima facie evidence that the statute had been complied with, and, if the statute had not been complied with, that such fact must be pleaded and proved as an affirmative defense in an action on such bonds or coupons.

**5. REVIEW ON ERROR—CASE TRIED TO COURT.**

Where a case at law is tried by a circuit judge without a jury, and the resulting judgment is taken to the circuit court of appeals by writ of error, it can only be reviewed as to errors committed by the court below, and a defense not presented to nor ruled on by the trial court cannot be considered.

Caldwell, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Nebraska.

H. E. Murphy, B. T. White, and James B. Sheean, for plaintiff in error.

George W. Seevers and M. F. Harrington, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The defendant in error, Henry Percy Chilton, was the innocent purchaser, for value, of certain bonds and coupons issued by the plaintiff in error, the township of Grattan. The coupons were not paid when they became due, and he brought this action to recover upon them. The township interposed various defenses, and the case was tried by the court below upon an agreed statement of facts, and a judgment was rendered against the plaintiff in error. The opinion of the circuit court upon which this judgment rests may be found in 82 Fed. 873.

Counsel for the plaintiff in error insist that the judgment is erroneous: (1) Because the board of supervisors of the county of Holt, which issued the bonds, had no power to do so, for the reason that the Nebraska & Western Railway, to aid in the construction of which the bonds were issued, was not built through the township of Grat-

tan; and (2) because the defendant in error did not plead or prove that this railroad was built within 40 rods of the line of its route as that line was shown on the survey thereof filed by the Nebraska & Western Railway Company in the office of the clerk of the county of Holt. We will consider these contentions in their order.

1. The agreed facts on which the first position taken by counsel is based are these: Under the constitution and statutes of the state of Nebraska the board of supervisors of the county of Holt was empowered to issue the bonds of the township of Grattan to aid in the construction of a railroad upon a favorable vote of two-thirds of the electors of the township voting upon the question. Comp. St. Neb. 1897, c. 45, §§ 3518, 3519, p. 696. A proper petition for the submission of the question of the issue of the bonds to the vote of the electors was made, the proposition to issue them was submitted, and more than two-thirds of the electors voted in its favor. The petition for the election and the proposition for the issue of the bonds contained this clause:

"The proceeds of said bonds to be used in aid of the construction of a line of railroad passing into the county of Holt from the east, and through the said township to the city of O'Neill, in said county, such proceeds to be given to the Nebraska & Western Railway Company when it shall complete a line of said railroad, and have cars running thereon, to the city of O'Neill, on or before August 1, 1890."

The railway was constructed from the east into the township of Grattan, a distance of about five miles, and it was completed to the city of O'Neill, which is situated within the township, and cars were running thereon, on or before August 1, 1890, but it never was constructed to or across the western boundary of the township of Grattan. After it was completed to O'Neill, the board of county supervisors issued and delivered the bonds to the Nebraska & Western Railway Company. That company sold them on the market, and they were finally purchased for value by the defendant in error in the usual course of such commercial transactions. Each of the bonds contained this recital:

"This bond is issued for the purpose of aiding the Nebraska & Western Railway Company in the construction of a railroad through said Grattan township; said railroad to pass into the county of Holt from the east through the said Grattan township, and have cars running thereon to the city of O'Neill on or before August 1st, 1890, and is one of a series of thirty-six bonds of one thousand dollars each, and numbered from one to thirty-six, inclusive; and said bonds are issued under and by authority of the laws of the state of Nebraska found in chapter 45, on pages 540, 541, and 542, of the Compiled and Annotated Statutes of the State of Nebraska of the year 1889, and the other laws of the state of Nebraska in relation thereto."

Upon these facts it is urged that the construction of the railroad through the township of Grattan was a condition precedent to the issue of the bonds, and that, since the condition was not complied with, the board of county supervisors had no power to issue them, and they are void in the hands of all classes of purchasers. But the board certified that these bonds were issued under and by authority of the statutes. If, under any circumstances, the board would have had authority to issue them, and the bonds would have

been valid, innocent purchasers had the right to presume that those circumstances existed when they were issued, and the township was estopped to deny their existence after such purchasers had bought them in reliance upon the certificate that they were issued in compliance with the statute. There were circumstances under which the bonds might have been valid. The railroad might have been constructed through the township. The township is, therefore, estopped by the certificate in the bonds from avoiding or repudiating them on the ground that it was not constructed through the township. The state of Nebraska imposed the duty and vested the power of determining whether or not two-thirds of the voting electors of the township of Grattan had voted in favor of issuing these bonds, of determining whether or not the railroad had been constructed and put in operation to the city of O'Neill on or prior to August 1, 1890, and of determining whether or not it had been constructed through the township of Grattan, if that was a condition precedent to their issue, in the board of supervisors of the county of Holt. That board decided that all the requisite conditions precedent to their issue had been fulfilled. It sent the bonds forth, and certified on the face of each one of them that they had been issued under and by authority of the statutes of the state. The recitals of officers who are invested with authority to determine when conditions precedent to the issue of negotiable bonds are complied with, and with power to issue them upon the fulfillment of such conditions, that they have been sent forth "in pursuance of," or "in conformity with," or "by virtue of" the statute which authorizes their issue under the prescribed conditions, preclude inquiry, as against innocent purchasers for value, as to whether or not the precedent conditions had been performed when the bonds were issued. City of Huron v. Second Ward Sav. Bank, 57 U. S. App. 593, 606, 30 C. C. A. 38, 45, 86 Fed. 272, 279; National Life Ins. Co. v. Board of Education of City of Huron, 27 U. S. App. 244, 266, 268, 10 C. C. A. 637, 651, 652, and 62 Fed. 778, 792, 793, and cases there cited; West Plains Tp. v. Sage, 32 U. S. App. 725, 736, 16 C. C. A. 553, 558, and 69 Fed. 943, 948; E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 49 U. S. App. 399, 412, 26 C. C. A. 91, 98, and 80 Fed. 692, 699; Brown's Ex'x v. Ingalls Tp., 57 U. S. App. 611, 615, 616, 30 C. C. A. 27, 29, and 86 Fed. 261, 263; City of South St. Paul v. Lamprecht Bros. Co., 60 U. S. App. 78, 85, 31 C. C. A. 585, 589, and 88 Fed. 449, 453; Rathbone v. Commissioners, 49 U. S. App. 577, 589, 27 C. C. A. 477, 483, and 83 Fed. 125, 131; Wesson v. Saline Co., 34 U. S. App. 680, 684, 20 C. C. A. 227, 229, and 73 Fed. 917, 919; City of Evansville v. Dennett, 161 U. S. 434, 439, 443, 16 Sup. Ct. 613.

There is another conclusive answer to this contention of the plaintiff in error. It is that the construction of the railroad through the township of Grattan never was a condition precedent to the issue of the bonds. It is conceded that the statutes impose no such condition. The claim is that this condition was imposed by the clause in the proposition to issue the bonds, which has been quoted above. But a fair examination of that clause, however critical, will disclose no limitation or prescription relative to the time of the issuance of the bonds. It relates exclusively to the disposition of their proceeds,

and it authorizes the board to give these to the railway company "when it shall complete a line of said railroad, and have cars running thereon, to the city of O'Neill, on or before August 1, 1890." The company did this, and thereupon the board issued and delivered the bonds. It was not material whether the commissioners sold the bonds, and paid the proceeds over to the railroad company, or delivered the bonds directly to the corporation, and permitted it to make the sale for itself. The statute and the proposition which was carried at the election alike authorized the delivery of the bonds whenever the cars were running to O'Neill, whether the railroad had then been constructed through the township or not.

2. There is a statute of the state of Nebraska which requires a railroad corporation to file for record in the office of the clerk of the county in which donations, bonds, or other valuables are to be voted in its aid a plat of the survey of its line of railroad through the county within two weeks previous to the election, and which then provides that "no bonds, and so forth, shall be valid in case they are voted, unless said railroad corporation build their line of road within forty rods of their survey as filed in the county clerk's office." Comp. St. Neb. 1897, § 4023, p. 800. It is said that the judgment below was erroneous because the defendant in error failed to plead or prove that the railroad was constructed within 40 rods of its surveyed line. But the coupons were prima facie evidence of their own validity, and required no proof aliunde to sustain them. If they were void because the railroad was not constructed in accordance with the provisions of the statute we have quoted, that was an affirmative defense, which it was incumbent on the plaintiff in error to plead and to prove if it would avail itself thereof. Contracts of a municipal or quasi municipal corporation, formally executed by the officers authorized to do so by law, and not in themselves necessarily beyond the scope of their authority, will, in the absence of proof to the contrary, be presumed to be valid, and to have been made with due authority. If acts were required to be done, or conditions were required to exist, before valid contracts could be made, the contracts themselves raise the presumption and present the evidence that such acts were performed and such conditions existed. Acts done or contracts made by a corporation which presuppose the existence of other acts or conditions in order to make them valid and legally operative are presumptive proof of the latter. City of Lincoln v. Sun Vapor Street Light Co., 19 U. S. App. 431, 438, 8 C. C. A. 253, 257, and 59 Fed. 756, 760; Barber Asphalt Pav. Co. v. City of Denver, 36 U. S. App. 490, 510, 19 C. C. A. 139, 144, and 72 Fed. 336, 341; Lincoln v. Iron Co., 103 U. S. 412, 416; President, etc., v. Dandridge, 12 Wheat. 64, 70; Omaha Bridge Cases, 10 U. S. App. 98, 189, 2 C. C. A. 174, 240, and 51 Fed. 309, 327, and cases there cited; Union Water Co. v. Murphy's Flat Fluming Co., 22 Cal. 620, 629. The record discloses no plea, proof, fact, or finding relative to this defense, and it is not here for our consideration. The agreed statement of facts as it stands is ample to support the judgment, and the questions relative to the proximity of the surveyed line to the constructed line of the railroad were not presented to or considered by the court below.

When a case is tried by a federal court without a jury, and the resulting judgment is brought by a writ of error to an appellate court for review, it is only "the rulings of the court in the progress of the trial of the case," and the sufficiency of the facts found to support the judgment, that can be reviewed. Rev. St. § 700. In such a case this is a court for the correction of the errors of the court below only. As the agreed facts in this case are sufficient to support the judgment, and as the question now presented was never brought to the attention of or ruled upon by the trial court, it certainly committed no error regarding it, and there is nothing in this point for us to review or correct. Trust Co. v. Wood, 19 U. S. App. 567, 571, 8 C. C. A. 658, 660, and 60 Fed. 346, 348; Bowden v. Burnham, 19 U. S. App. 448, 8 C. C. A. 248, and 59 Fed. 752; Norris v. Jackson, 9 Wall. 125, 127; Insurance Co. v. Folsom, 18 Wall. 237, 249; Cooper v. Omohundro, 19 Wall. 65, 69; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481. The judgment below is affirmed.

CALDWELL, Circuit Judge. I dissent from the language of the court as to the presumptions arising from, and the legal effect of, the issuance of municipal bonds. It states the doctrine on that subject much too broadly. Moreover, what is said on that subject is obiter, for we are all agreed that it conclusively appears from the statement of facts "that the construction of the railroad through the township of Grattan never was a condition precedent to the issue of the bonds." That being so, why should the court go out of its way to say that, if the construction of the road through the township had been made a condition precedent to the exercise of the power to issue the bonds, and the road had not been constructed at all, the mere issuance of the bonds would estop the defendant from showing that fact?