### INDEPENDENT SCHOOL DIST. OF SIOUX CITY, IOWA, v. REW.

#### (Circuit Court of Appeals, Eighth Circuit. September 23, 1901.)

#### No. 1,525.

1. JURISDICTION—JOINDER OF JURISDICTIONAL AND NONJURISDICTIONAL CAUSES —FEDERAL COURTS.

A national court is not deprived of jurisdiction of causes of action of which it is authorized to take cognizance by the fact that the plaintiff joins with them in the same action and petition other causes of which it can take no jurisdiction.

2. SAME.

A national court may have jurisdiction of causes of action upon coupons made by a municipal corporation and payable to bearer, although

---

[1] Jurisdiction as to pending cases restored. 31 Stat. 33.

111 F.—1

the original holders could not have maintained actions upon them; and the fact that causes of action upon bonds payable to the order of an individual, of which the court cannot take jurisdiction, are joined with them in the same petition or action, does not deprive the court of jurisdiction.

3. ESTOPPEL — BASIS OF NOT CONFINED TO CONTENTS OF WRITING SUED ON.

An estoppel is as conclusive and fatal when founded on statements or representations without, as when it is founded upon those within, a negotiable instrument which is the subject of the action. A corporation may be estopped from defeating an action upon coupons by its recitals in the bonds.

4. MUNICIPAL BONDS—ESTOPPEL BY RECITALS.

If the laws are such that there might under any state of facts or circumstances be lawful power in a municipality or quasi municipality to issue its bonds, it may by recitals therein estop itself from denying that those facts or circumstances existed, unless the constitution or the act under which the bonds are issued prescribes some public record as the test of the existence of some of those facts or circumstances.

5. SAME—WHEN CERTIFICATE OF OFFICERS EFFECTS.

When a municipal body has lawful authority to issue bonds on the condition that certain facts exist or certain acts have been done, and the law intrusts the power to, and imposes the duty upon, its officers to ascertain, determine, and certify the existence of these facts at the time of issuing the bonds, their certificate will estop the municipality, as against a bona fide holder of the bonds, from proving its falsity to defeat them.

6. SAME—FUNDING BONDS—RECITAL ESTOPS FROM DENYING VALIDITY OF DEBT FUNDED.

A municipal corporation is estopped from defeating an action by an innocent purchaser to collect its negotiable bonds which recite that they were issued for the purpose of funding the judgments, bonds, warrants, or floating debt of the corporation on the ground that the apparent debt they were issued to satisfy was invalid or fictitious.

7. SAME—RECITALS ESTOP FROM DENYING PROPER APPLICATION OF PROCEEDS.

A municipal corporation is estopped from defeating an action upon its negotiable securities by an innocent purchaser on the ground that, while they appear on their face to have been issued for a lawful purpose, their proceeds were diverted by its officers to an unlawful purpose.

8. FUNDING BONDS CREATE NO DEBT.

Funding bonds neither create nor increase the indebtedness of a municipality, but merely change its form.

9. CERTIFICATE OF ISSUE OF FUNDING BONDS IN PURSUANCE OF LEGISLATIVE AUTHORITY—EFFECT.

The certificate upon the face of municipal bonds that they have been issued in pursuance of legislative authority for the purpose of funding the indebtedness of the municipality is a declaration that they have been issued for the purpose of funding a valid debt in the method prescribed by the law, and that they neither create nor increase any indebtedness of the municipality; and, as against a bona fide purchaser, they estop the municipality from denying this declaration.

10. EXCESSIVE INDEBTEDNESS IMMATERIAL TO PURCHASER OF FUNDING BONDS.

When an innocent purchaser buys of others than the municipality and its agents its negotiable bonds, which recite that they were issued to fund the debt of the municipality, the question of excessive indebtedness does not arise, and the purchaser is not required to consider or inquire concerning it.

11. QUESTIONS OF GENERAL AND COMMERCIAL LAW—DECISIONS OF STATE COURTS NOT CONTROLLING.

The decisions of state courts upon questions of commercial law are not controlling in the federal courts. It is a duty of those courts, which they may not renounce or disregard, to consider and decide for them-

selves questions of general and commercial law presented to them in cases within their jurisdiction.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Northern District of Iowa.

The defendant in error, Robert Rew, brought an action against the independent school district of Sioux City, Iowa, the plaintiff in error, upon 10 school district bonds, of $1,000 each, and the coupons thereto attached. The bonds were payable to Ogilvie C. Tredway or order, but the coupons were payable to bearer. The court below held that it had no jurisdiction of the causes of action upon the bonds under the act of congress of August 13, 1888 (25 Stat. 434), because the court would not have had jurisdiction of those causes of action if no assignment or transfer of the bonds had been made, for the reason that both the parties to the action would have been citizens of the same state. But it sustained its jurisdiction of the causes of action based upon the coupons because they were issued by a corporation and payable to bearer, and thus were excepted from the prohibition of jurisdiction contained in the statute. The result was a judgment on the coupons for $2,600.28, interest thereon, and costs. The court tried the case without a jury, and made a special finding of facts. It found that the bonds and coupons were issued by the district township of Sioux City, Iowa, a municipal corporation created under the laws of the state of Iowa; that the plaintiff in error succeeded in the year 1890 to the territorial jurisdiction, the assets, and the liabilities of that township; that the bonds and coupons were issued on November 1, 1880, under chapter 51 of the Laws of Iowa of 1880, which provided that any district township against which unsatisfied judgments had been rendered prior to the passage of that act might issue negotiable bonds for the purpose of paying off such judgment indebtedness, upon a resolution of the board of directors of the district township; that these bonds should be in the name of the district township, should be signed by the president of the township, and countersigned by the secretary; that they should be in substantially the same form as was by law prescribed for county bonds, and the form prescribed for county bonds contained a certificate that they were issued by the board of supervisors of the county pursuant to the provisions of the law authorizing their issue, and in conformity to a resolution of the board; that these bonds and coupons were issued pursuant to a resolution of the board of directors of the district township of Sioux City passed on October 27, 1880, which recited that judgments had been rendered against the township prior to March 16, 1880, which were embraced within the provisions of chapter 51 of the Laws of the 18th General Assembly of the State of Iowa, and which resolved "that all judgments rendered against the district of Sioux City prior to March 16, 1880, be bonded or paid off by the issue of negotiable bonds of the district township of Sioux City as provided in said chapter fifty-one aforesaid," that each bond contained this recital: "This bond is issued by the board of directors of said district township under the provisions of chapter fifty-one of the Acts of the Eighteenth General Assembly of the State of Iowa, and in conformity with a resolution of said board dated the thirtieth day of October, 1880;" that after the issue of the bonds and coupons, and before their maturity, they were bought by bona fide purchasers, without notice of any defect or invalidity therein, and the defendant in error subsequently took the title and rights of these purchasers, but that at the time they were issued the indebtedness of the township exceeded its constitutional limitation, and the unsatisfied judgments against the township amounted to only $983.65, while bonds to the amount of $10,000 were issued. The plaintiff in error attacks the judgment against it on the grounds that the court below had no jurisdiction of the causes of action upon the coupons, and that they were void because the constitutional limitation of the indebtedness of the township had been exceeded before they were issued.

David Mould (C. R. Marks, on the brief), for plaintiff in error.

H. J. Taylor (E. A. Burgess, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The act of congress of August 13, 1888 (25 Stat. 434), contains this provision:

"Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

Under this statute an action cannot be maintained in the circuit court upon an assigned instrument made by a corporation, which is not payable to bearer, unless such an action could have been maintained by the assignor. If, however, the assigned instrument is payable to the bearer, the assignee may recover in the federal court, whether his assignor could have done so or not. Lyon Co. v. Keene Five Cent Sav. Bank, 100 Fed. 337, 338, 40 C. C. A. 391, 392; Newgass v. City of New Orleans (C. C.) 33 Fed. 196; Rollins v. Chaffee Co. (C. C.) 34 Fed. 91; Wilson v. Knox Co. (C. C.) 43 Fed. 481; Cloud v. City of Sumas (C. C.) 52 Fed. 177; Benjamin v. City of New Orleans (C. C.) 71 Fed. 758. In the case now in hand the bonds were payable to the order of a citizen of the state of the defendant, and, because he could not have maintained an action in the federal court, no subsequent holder could do so. But the coupons, on the other hand, were payable to bearer, and were made by a municipal corporation, so that they fell within the express terms of the exception to the prohibition of the statute; and any holder of them who was a citizen of a different state from that of the plaintiff in error could lawfully maintain his action upon them in the national courts.

In this state of the case, counsel for the plaintiff in error contend that the defendant in error deprived the court below of its jurisdiction because he pleaded the cause of action on the coupons in the same counts with those upon the bonds. His petition consisted of 10 counts. In each of these counts he pleaded a bond, the recitals therein, and all the unpaid coupons originally attached to it, and alleged that the bond and the coupons had been sold and transferred together to the same parties at the same times and under the same circumstances. It is difficult to conceive how this pleading could have deprived the circuit court of jurisdiction over the causes of action upon the coupons. Each coupon was a separable promise, distinct from the promises to pay the bonds and the promises to pay the other coupons, and it gave rise to a separate cause of action. Nor was this cause of action accessory to the demand on the bond to which the coupon was attached. It was not only a separate cause of action, but a principal and primary one. City of Aurora v. West, 7 Wall. 82, 19 L. Ed. 42; Amy v. City of Dubuque, 98 U. S. 470, 473, 25 L. Ed. 228; Nesbit v. Independent Dist., 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562; Edwards v. Bates Co., 163 U. S. 269, 273, 16 Sup. Ct. 967, 41 L. Ed. 155. The amount claimed upon the

causes of action upon the coupons was sufficient to give the court jurisdiction, regardless of the claims upon the bonds. The defendant in error therefore presented to the court below, by his causes of action upon his coupons alone, controversies between citizens of different states which involved more than the jurisdictional amount. The circuit court could not lawfully disregard these causes of action of which it had plenary jurisdiction because the defendant in error pleaded other causes of which it could not lawfully take cognizance. A federal court is not deprived of jurisdiction of causes of action of which it is authorized and required to take cognizance by the fact that the plaintiff has joined with them in the same action and petition other causes of which it has no jurisdiction. The objection to the jurisdiction of the court was properly overruled.

The chief complaint concerning the action of the court below, however, is that it held that the independent school district was estopped by the recitals in the bonds and in the resolution of the board of directors of the district township from defeating the coupons in the hands of an innocent purchaser either on the ground that neither the bonds nor their proceeds were used to pay judgments, or on the ground that the debt of the township exceeded the constitutional limitation when the bonds were issued. Many objections to this ruling have been presented. One of them is that the recitals in the bonds are not available to the plaintiff in an action on the coupons, and that the municipality can be estopped by them only in an action on the instruments which contain the recitals; that is to say, on the bonds themselves. But it is not indispensable to the effectiveness of an estoppel that the acts, words, or deeds which work it shall be contained in a negotiable instrument or in any written contract which is the basis of the action. They are as fatal when found in instruments not negotiable, in writings which are not the basis of the action, when they are mere spoken words, and when they are silent and deceitful acts, as they are when they are contained in a bond or note which is the subject of the action. In Southern Minnesota Ry. Extension Co. v. St. Paul & S. C. R. Co., 55 Fed. 690, 696, 5 C. C. A. 249, 255, 12 U. S. App. 320, 331, and in Board v. Platt, 79 Fed. 567, 573, 25 C. C. A. 87, 93, 49 U. S. App. 216, 224, judgments which were not the bases of the actions were held to constitute estoppels. In Union Pac. R. Co. v. U. S., 67 Fed. 975, 15 C. C. A. 123, 32 U. S. App. 311; Naddo v. Bardon, 51 Fed. 493, 2 C. C. A. 335, 4 U. S. App. 642; Commission Co. v. Patillo, 90 Fed. 628, 631, 33 C. C. A. 194, 197, 61 U. S. App. 94, 100; and in the Omaha Bridge Cases, 51 Fed. 309, 327, 2 C. C. A. 174, 241, 10 U. S. App. 98, 188,—silence and acquiescence wrought fatal estoppels. In Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed. 271, 294, 22 C. C. A. 171, 194, 40 U. S. App. 257, 296, 34 L. R. A. 518, the acts of the city dehors the contract upon which the action was founded worked a fatal estoppel against it. And in City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 30 C. C. A. 38, 57 U. S. App. 593, 49 L. R. A. 534; Hughes Co. v. Livingston, 104 Fed. 306, 43 C. C. A. 541; Grattan Tp. v. Chilton, 97 Fed. 145, 38 C. C. A. 84; Board v. Sutliff, 97 Fed. 270, 38 C. C. A. 167; and City of South St. Paul v. Lamprecht Bros.

Co., 88 Fed. 449, 31 C. C. A. 585, 60 U. S. App. 78,—the recitals in municipal bonds were held to conclusively estop the defendants in suits upon the coupons from maintaining defenses inconsistent with the statements contained in the recitals. The principle of estoppel is broad and universal. It is that one who by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist, and the latter rightfully acts on such a belief so that he will be prejudiced if the former is permitted to deny the existence of such facts, is thereby conclusively estopped from interposing such denial. It is as fatal when the deceitful acts or silence are without, as when they are within, the contract counted upon. The recitals in the bonds and in the resolution of the board were as available to the defendant in error to raise an estoppel against the district in an action upon the coupons as they would have been in an action upon the bonds.

It is said that the recitals in the bonds are ineffectual to create an estoppel because, while they declare that they were issued under the provisions of chapter 51, they show on their face that they were not so issued, because those provisions require the bonds to be payable to the holders of the unsatisfied judgments at the office of the treasurer of the county issuing them, while these bonds are payable to one who held no judgments at Sioux City, Iowa,—a city without the limits of the district township,—and the coupons are payable at the office of Weare & Allison, in Sioux City, Iowa. The objection is too technical and hypercritical for serious consideration. The statute does not require the bonds to be payable to the judgment creditors, and there is no evidence that the plaintiff in error has been deprived of an opportunity to pay either the bonds or the coupons by the fact that the place of their payment was the principal city in its county, instead of at the office of its treasurer. This immaterial variance from the form prescribed by the statute neither destroys nor weakens the plain declaration in the bonds that they were issued under the provisions of chapter 51, nor the conclusive estoppel which that recital produces.

Finally the old objections that neither the district township nor the officers had any power to issue the bonds or to make the recitals, that the recitals do not estop the township from defeating the coupons on the grounds that there were no judgments, and that the proceeds of the bonds were not applied to the payment of the judgments, which have been so many times urged upon and discussed by this court, are again rehearsed. To discuss them would be but to repeat former opinions of this court which have been again and again affirmed, and it would seem to be sufficient here to briefly state the propositions long since established by the decisions of the supreme court and of this court which render these objections of counsel for the plaintiff in error untenable. The affairs of the district township were intrusted to its board of directors to manage, direct, and control. Code Iowa 1897, § 2745. It was the duty of one of the members of this board (its president) to appear in behalf of the corporation in all actions brought against it, and to sign all warrants, orders,

drafts, and contracts made by it (section 2759), so that the financial status of the corporation and the number and amount of the judgments against it were necessarily within the knowledge of the members of this board. Chapter 51 of the Acts of the 18th General Assembly of Iowa empowered the board to adopt a resolution that its district township should issue bonds to pay any unsatisfied judgments rendered against it before the passage of the act, and authorized the president and secretary of the board to sign and issue these bonds upon the adoption of such a resolution. Laws Iowa 1880, c. 51. This chapter also authorized and directed these officers to issue these bonds in substantially the same form as was by law prescribed for county bonds, and that law provided that such bonds should contain a certificate or recital that they were issued under the provisions of the legislative act authorizing their issue, and in conformity with the resolution of the board which directed it. Laws Iowa 1878, c. 58. Now, it is well settled that, if the laws are such that there might under any state of facts or circumstances be lawful power in a municipality or quasi municipality to issue its bonds, it may by recitals therein estop itself from denying that those facts or circumstances exist, unless the constitution or the act under which the bonds are issued prescribes some public record as the test of the existence of some of those facts or circumstances. Hughes Co. v. Livingston, 104 Fed. 306, 311, 43 C. C. A. 541, 547; Board v. Sutliff, 97 Fed. 270, 277, 38 C. C. A. 167, 173; National Life Ins. Co. v. Board of Education of City of Huron, 62 Fed. 778, 789, 792, 10 C. C. A. 637, 648, 651, 27 U. S. App. 244, 262, 265; Chaffee Co. v. Potter, 142 U. S. 355, 364, 12 Sup. Ct. 216, 35 L. Ed. 1040; City of Evansville v. Dennett, 161 U. S. 434, 443, 446, 16 Sup. Ct. 613, 40 L. Ed. 760; E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 80 Fed. 692, 699, 26 C. C. A. 91, 98, 49 U. S. App. 399, 412; City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 279, 30 C. C. A. 38, 45, 57 U. S. App. 593, 606, 49 L. R. A. 534; City of South St. Paul v. Lamprecht Bros. Co., 88 Fed. 449, 453, 31 C. C. A. 585, 589, 60 U. S. App. 78, 85. In this case there might have been a state of facts under which the district township would have had the power to issue these bonds notwithstanding the fact that the constitutional limit of its indebtedness had been passed when they were issued. There might have been unsatisfied judgments rendered before the passage of chapter 51 which evidenced unimpeachable obligations of the district township incurred before its indebtedness reached its constitutional limitation. Neither the constitution nor the act under which the bonds were issued pointed out any public record as the test of the existence of this state of facts. The district township therefore had the power to issue the bonds, if such judgments existed, when they were issued; and it had the power to estop itself from denying their existence by reciting in the face of the bonds the fact that they did exist. The officers of the district township were expressly authorized to ascertain and certify the existence of these facts. They were empowered by chapter 51 to pass a resolution for the issue of the bonds for the purpose of paying such judgments, and such judgments only, and to certify in the face of the bonds that they were issued under the provisions of the act.

The legislature thereby intrusted to them the power, and imposed upon them the duty, to ascertain, determine, and certify whether or not every act had been done and every fact existed which conditioned a lawful issue of the bonds before they sent them forth. The existence of judgments fundable under chapter 51 was the primary fact intrusted to them to ascertain, determine, and certify, without which no bond could be lawfully issued; and, when they certified that these bonds were issued under the provisions of that chapter, they acted far within the limits of the power and in the discharge of the duty thrust upon them by the legislature of the state, and the necessary effect of their certificate was to conclusively estop the township from denying its truth for the purpose of defeating its coupons in the hands of a bona fide purchaser. When a municipal body has lawful authority to issue bonds on the condition that certain facts exist or certain acts have been done, and the law intrusts the power to and imposes the duty upon its officers to ascertain, determine, and certify the existence of these facts at the time of issuing the bonds, their certificate will estop the municipality, as against a bona fide holder of the bonds, from proving its falsity to defeat them. Hughes Co. v. Livingston, 104 Fed. 306, 313, 43 C. C. A. 541, 548; National Life Ins. Co. v. Board of Education of City of Huron, 62 Fed. 778, 792, 793, 10 C. C. A. 637, 651, 652, 27 U. S. App. 244, 266, 268; West Plains Tp. v. Sage, 69 Fed. 943, 948, 16 C. C. A. 553, 558, 32 U. S. App. 725, 736; E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 80 Fed. 692, 699, 26 C. C. A. 91, 98, 49 U. S. App. 399, 412; Rathbone v. Board, 83 Fed. 125, 131, 27 C. C. A. 477, 483, 49 U. S. App. 577, 589; City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 279, 30 C. C. A. 38, 45, 57 U. S. App. 593, 606, 49 L. R. A. 534; Brown v. Ingalls Tp., 86 Fed. 261, 263, 30 C. C. A. 27, 29, 57 U. S. App. 611, 615, 616; City of South St. Paul v. Lamprecht Bros. Co., 88 Fed. 449, 453, 31 C. C. A. 585, 589, 60 U. S. App. 78, 85; Grattan Tp. v. Chilton, 97 Fed. 145, 148, 38 C. C. A. 84, 87; Commissioners v. Aspinwall, 21 How. 539, 16 L. Ed. 208; Bissell v. City of Jeffersonville, 24 How. 287, 16 L. Ed. 664; Moran v. Commissioners, 2 Black, 722, 17 L. Ed. 342; Meyer v. City of Muscatine, 1 Wall. 384, 393, 17 L. Ed. 564; Lee Co. v. Rogers, 7 Wall. 181, 19 L. Ed. 160; Pendleton Co. v. Amy, 13 Wall. 297, 305, 20 L. Ed. 579; City of Lexington v. Butler, 14 Wall. 282, 20 L. Ed. 809; Grand Chute v. Winegar, 15 Wall. 355, 21 L. Ed. 170; Lynde v. Winnebago Co., 16 Wall. 6, 21 L. Ed. 272; Marcy v. Oswego Tp., 92 U. S. 637, 23 L. Ed. 748; Town of Coloma v. Eaves, 92 U. S. 484, 23 L. Ed. 579; Moultrie Co. v. Rockingham Ten Cent Sav. Bank, 92 U. S. 631, 23 L. Ed. 631; Commissioners v. Bolles, 94 U. S. 104, 24 L. Ed. 46; Commissioners v. Clark, 94 U. S. 278, 24 L. Ed. 59; Commissioners v. January, 94 U. S. 202, 24 L. Ed. 110; Warren Co. v. Marcy, 97 U. S. 96, 24 L. Ed. 977; Town of Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704, 27 L. Ed. 424; Town of Oregon v. Jennings, 119 U. S. 74, 7 Sup. Ct. 124, 30 L. Ed. 323; Chaffee Co. v. Potter, 142 U. S. 355, 12 Sup. Ct. 216, 35 L. Ed. 1040.

Notwithstanding all this, counsel for the plaintiff in error earnestly argue that this district is not estopped from proving that the issue

of these bonds increased the debt of the district township after its constitutional limitation had been reached, because the bonds contain no express recital that the debt they evidenced is not in excess of that limitation, and because the facts were that bonds to the amount of $10,000 were issued, when the fundable debt was less than $1,000, and when the debt of the county already exceeded its constitutional limit; and they cite the cases of Lake Co. v. Graham, 130 U. S. 674, 680, 9 Sup. Ct. 654, 32 L. Ed. 1065; Sutliff v. Commissioners, 147 U. S. 230, 235, 13 Sup. Ct. 318, 37 L. Ed. 145; Doon Dist. Tp. v. Cummins, 142 U. S. 366, 12 Sup. Ct. 220, 35 L. Ed. 1044; and Gunnison Co. v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. 390, 43 L. Ed. 689,—in support of their contention. The opinions of the supreme court in these cases have been repeatedly reviewed by this court in the decisions which have already been cited. The reasons why they are inapplicable to a case like that now in hand, and why the position of the counsel for the plaintiff in error here cannot be sustained, were stated with some care in City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 278, 30 C. C. A. 38, 45, 57 U. S. App. 593, 607, 49 L. R. A. 534, and in City of Pierre v. Dunscomb, 45 C. C. A. 499, 106 Fed. 611, 617, which was decided at the last term of this court, and the opinion in which has since received the sanction of the supreme court by the dismissal of a writ of certiorari to review it. 181 U. S. 621, 21 Sup. Ct. 925, 45 L. Ed. 1032. They are briefly these: The fact that the debt of the township was in excess of the constitutional limitation when the bonds were issued is not material in this case, because, if the excess existed, the bonds were still valid if the recitals in them were true, and the township is estopped from denying their truth. The bonds could have been lawfully issued only to refund just debts of the district township evidenced by unsatisfied judgments. The recitals in the bonds that they were issued under the provisions of chapter 51 estopped the district township from denying (1) that there were just debts of the township, evidenced by unsatisfied judgments against it rendered before chapter 51 was enacted, which warranted the issue of the bonds, because a municipal corporation is estopped from defeating an action by an innocent purchaser to collect its negotiable bonds, which recite that they were issued for the purpose of funding the judgments, bonds, warrants, or floating debt of the corporation, on the ground that the apparent debt they were issued to satisfy was invalid or fictitious (Hughes Co. v. Livingston, 104 Fed. 306, 315, 43 C. C. A. 541, 550; City of Pierre v. Dunscomb, 45 C. C. A. 499, 106 Fed. 611, 616; City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 277, 30 C. C. A. 38, 43, 57 U. S. App. 593, 603, 49 L. R. A. 534; Ashley v. Board, 60 Fed. 55, 66, 8 C. C. A. 455, 466, 16 U. S. App. 656, 675, 709; Meyer v. Brown, 65 Cal. 583, 26 Pac. 281; Moran v. Commissioners, 2 Black, 722, 17 L. Ed. 342; Hackett v. City of Ottawa, 99 U. S. 86, 96, 25 L. Ed. 363; City of Ottawa v. First Nat. Bank of Portsmouth, 105 U. S. 342, 343, 26 L. Ed. 1127); (2) that the corporation and its officers have applied the bonds to the lawful purpose for which they appear on their face to have been issued (City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 277, 30 C. C. A. 38, 43, 57

U. S. App. 593, 603, 49 L. R. A. 534; National Life Ins. Co. v. Board of Education of City of Huron, 62 Fed. 778, 784, 10 C. C. A. 637, 644, 27 U. S. App. 244, 255; West Plains Tp. v. Sage, 69 Fed. 943, 946, 16 C. C. A. 553, 556, 32 U. S. App. 725, 733; Commissioners v. Beal, 113 U. S. 227, 240, 5 Sup. Ct. 433, 28 L. Ed. 966; City of Cairo v. Zane, 149 U. S. 122, 137, 13 Sup. Ct. 803, 37 L. Ed. 673; Maxcy v. Williamson Co. Ct., 72 Ill. 207); and (3) that the bonds were exchanged for the fundable debt in the method prescribed by the law, so that they neither increased nor diminished the indebtedness of the municipality (City of Pierre v. Dunscomb, 45 C. C. A. 499, 106 Fed. 611, 617; City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 278, 30 C. C. A. 38, 44, 57 U. S. App. 593, 604, 49 L. R. A. 534; Board v. Platt, 79 Fed. 567, 569, 25 C. C. A. 87, 89, 49 U. S. App. 216; E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 80 Fed. 692, 698, 26 C. C. A. 91, 98, 49 U. S. App. 399; In re State Bonds [Me.] 18 Atl. 291; Powell v. City of Madison, 107 Ind. 110, 8 N. E. 31; City of Los, Angeles v. Teed [Cal.] 44 Pac. 580; Board of Com'rs of Marion Co. v. Board of Com'rs of Harvey Co., 26 Kan. 181, 201; Hotchkiss v. Marion, 12 Mont. 218, 29 Pac. 821; Miller v. School Dist. [Wyo.] 39 Pac. 879). In other words, the plaintiff in error is conclusively estopped by the recitals in the bonds from denying that they neither created nor increased the indebtedness of the district township, and that the judgment debts for which they were exchanged were just debts of the township incurred before its indebtedness reached the constitutional limit. City of Pierre v. Dunscomb, 45 C. C. A. 499, 106 Fed. 611, 617; Hughes Co. v. Livingston, 104 Fed. 306, 317, 43 C. C. A. 541, 552; Board v. Platt, 79 Fed. 567, 569, 25 C. C. A. 87, 89, 49 U. S. App. 216, 220; E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 80 Fed. 692, 698, 26 C. C. A. 91, 98, 49 U. S. App. 399, 411; City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 278, 30 C. C. A. 38, 44, 57 U. S. App. 593, 605, 49 L. R. A. 534; Lyon Co. v. Keene Five Cent Sav. Bank, 100 Fed. 337, 339, 40 C. C. A. 391, 393. The truth is that when an innocent purchaser buys of others than the municipality or its agents municipal bonds, or the coupons of such bonds, which recite that they were issued to fund the debt of the municipality, the question of excessive indebtedness does not arise, and the purchaser is not required to consider or inquire concerning it. City of Pierre v. Dunscomb, 45 C. C. A. 499, 106 Fed. 611; City of Huron v. Second Ward Sav. Bank, 30 C. C. A. 38, 86 Fed. 272, 280, 49 L. R. A. 534.

Counsel for plaintiff in error have invoked the conceded rule that the national courts uniformly follow the construction of the constitution and statutes of a state adopted by its highest judicial tribunal in all cases that involve no question of general or commercial law and no question of right under the constitution and laws of the nation (Madden v. Lancaster Co., 65 Fed. 188, 192, 12 C. C. A. 566, 573, 27 U. S. App. 528, 535, 536), have cited the opinions of the supreme court of Iowa in Holliday v. Hilderbrandt, 97 Iowa, 177, 66 N. W. 89; Independent Dist. of Rock Rapids v. Society for Savings, 98 Iowa, 581, 67 N. W. 370; First Nat. Bank of Decorah v. Doon Dist. Tp., 86 Iowa, 330, 53 N. W. 301, 41 Am. St. Rep. 489; Mosher v.

School Dist., 44 Iowa, 122; McPherson v. Foster, 43 Iowa, 48, 22 Am. Rep. 215; and French v. City of Burlington, 42 Iowa, 614,—some of which are not in accord with the views which have now been expressed, and have claimed that the question here at issue is one of constitutional construction, and that the federal courts should follow the decisions of the supreme court of Iowa. But the question that has been under consideration here is not one of the construction of the constitution or of the statutes of the state of Iowa. It simply involves the construction and effect of recitals in negotiable instruments. It is a question of commercial, and not of constitutional, law, upon which the decisions of the state courts are not controlling in the federal tribunals. It is not only the privilege, but the duty, of the federal courts, imposed upon them by the constitution and statutes of the United States, to consider for themselves, and to form their independent opinions and decisions upon, questions of commercial or general law presented in cases in which they have jurisdiction, and it is a duty which they cannot justly renounce or disregard. Jurisdiction of such cases was conferred upon them for the express purpose of securing their independent opinions upon the questions arising in the litigation remitted to them. And a citizen of the United States who has the right to prosecute his suit in the national courts has also the right to the opinions and decisions of those courts upon every crucial question of general or commercial law or of right under the constitution or statutes of the nation which he presents. Speer v. Board, 88 Fed. 749, 762, 32 C. C. A. 101, 114, 60 U. S. App. 38, 59; Hartford Fire Ins. Co. v. Chicago, M. & St. P. R. Co., 70 Fed. 201, 203, 17 C. C. A. 62, 65, 36 U. S. App. 152, 156, 30 L. R. A. 193; Railroad Co. v. Lockwood, 17 Wall. 357, 368, 21 L. Ed. 627; Myrick v. Railroad Co., 107 U. S. 102, 1 Sup. Ct. 425, 27 L. Ed. 325; Carpenter v. Insurance Co., 16 Pet. 495, 511, 10 L. Ed. 1044; Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Brooklyn City & N. R. Co. v. National Bank of the Republic of New York, 102 U. S. 14, 26 L. Ed. 61; Burgess v. Seligman, 107 U. S. 20, 33, 2 Sup. Ct. 10, 27 L. Ed. 359; Smith v. Alabama, 124 U. S. 465, 478, 8 Sup. Ct. 564, 31 L. Ed. 508; Bucher v. Railroad Co., 125 U. S. 555, 583, 8 Sup. Ct. 974, 31 L. Ed. 795; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 443, 9 Sup. Ct. 469, 32 L. Ed. 788. While the opinions of the supreme court of Iowa are entitled to and have received grave consideration in this case and in the earlier case of City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 280, 30 C. C. A. 38, 46, 57 U. S. App. 593, 607, 49 L. R. A. 534, the conclusions which were reached in that case and which are affirmed in this case are in accord with the established rules of decision which have been adopted by the supreme court and by this court, they commend themselves to our reason and judgment, and they must be adhered to.

The judgment below is affirmed.